## CLEMENTS ET UX. *v.* ROBINSON.

HUSBAND AND WIFE.—*Foreclosure and Sale of Wife's Real Estate.—Action by Purchaser for Possession.—Joint Judgment for Possession.—Wife's Liability for Rents.—Husband not Liable.—Statute Construed.*—On receiving his deed from the proper sheriff, for a tract of real estate sold at sheriff's sale as the property of a married woman, upon a decree against her and her husband, for the foreclosure of a mortgage executed by them upon her said real estate, the grantee brought an action against them, jointly, to recover the possession of such real estate, which she had continued to hold after the expiration of the year for redemption, and to recover judgment for the value of the rents and profits thereof for such year and for the additional time she so held over.

*Held,* that such plaintiff was entitled to recover a joint judgment for the possession of such real estate, though the occupancy of the husband was only as the companion, and by the sufferance, of his wife.

*Held,* also, that the wife was, but the husband was not, liable to a judgment for the value of such rents and profits, as a judgment debtor, under the provisions of the act of June 4th, 1861, "providing for the redemption of real property", etc., 2 R. S. 1876, p. 220.

*Held,* also, that a judgment against her for such rents and profits may be rendered in connection with a joint judgment, against her and her husband, for the possession of such realty.

SAME.—*Practice.—Supreme Court.*—Where judgment has been improperly rendered against a part, and properly as to the rest, of the defendants in an action to recover real estate, on appeal, the supreme court may affirm the judgment properly rendered and reverse as to that improperly rendered.

From the Vanderburgh Circuit Court.

*C. Denby* and *D. B. Kumler*, for appellants.

*A. L. Robinson*, for appellees.

PERKINS, J.—Louise Clements, wife of Converse Clements, owned a certain lot in the city of Evansville, Indiana; and on the 13th day of May, 1873, mortgaged it, her husband joining in the mortgage, to Samuel E. Gilbert, to secure a debt of four thousand dollars. The debt was not paid, and, at the April term of the Vanderburgh circuit court, 1874, the mortgage was foreclosed; and, on the 18th of July, 1874, the lot mortgaged was sold by the sheriff, on the decree of foreclosure, to said Gilbert, who received the proper certificate of purchase, and, on the 1st of May,

1875, assigned the same to Robinson, the appellee. The property not having been redeemed, the sheriff duly executed a deed for the same to the appellee.

The execution defendant, Mrs. Clements, was in possession of the property when she mortgaged it, and she continued in possession till the year for redemption after the sale expired, and is still in possession, her husband making his home with her on the premises.

At the November term, 1875, appellee commenced suit for the possession of the property. He set out the history of his title in his complaint, made the mortgage foreclosure proceedings a part of it, and demanded judgment for possession, and for damages and rents.

Several demurrers to the complaint were filed and properly overruled. The complaint was sufficient as to both appellants.

The appellants severally moved for a new trial, on the two grounds, that the judgment was not sustained by the evidence, and that the damages were excessive.

The motions were overruled.

The overruling of these several motions is assigned for error.

The judgment for possession against both defendants was right, and must be affirmed.

As to the judgment for damages, the wife, the female appellant, was a judgment debtor, whose land had been sold on execution; the husband was not. And the statute enacts, 2 R. S. 1876, p. 220, sec. 2, that " * * * . The judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits."

Under and by force of this provision of the statute, the female appellant, notwithstanding her coverture, was liable to the appellee for the rents and profits of the property for the year for redemption, and such reasonable time

longer as might be necessary to oust her of a possession which she continued to hold wrongfully after the year for redemption had expired. We think the judgment for damages against the female appellant, is not for too large an amount, and should be affirmed.

But as to the male appellant, as he did not occupy under the statute as a judgment defendant, but only by the sufferance, and as the companion, of his wife, he can not be charged under the statute for rents and profits, and the judgment for damages against him is erroneous.

We think, under the provision of the act, in our code, for the recovery of the possession of real property, contained in section 600, 2 R. S. 1876, p. 252, we can reverse the judgment in the case as to one and affirm as to the other defendant. It reads thus: "Where there are two or more plaintiffs or defendants, any one or more of the plaintiffs may recover against one or more of the defendants, the premises or any part thereof, or any interest therein, or damages according to the right of the parties; but the recovery shall not be for a greater interest than that claimed. See also, sec. 366, 2 R. S. 1876, p. 185.

The judgment for the recovery of possession is affirmed, as to both defendants, with costs. The judgment for the recovery of damages is affirmed against the female defendant, Mrs. Clements, but as to the male defendant, Converse Clements, the judgment for the recovery of damages is reversed, without costs.