## POWELL v. DeHART.

REAL ESTATE.—*Judicial Sale of.*—*Redemption of.*—*Action for Rent by Purchaser at Sheriff's Sale.*—*Parties.*—Where, by virtue of a decree of court against one defendant in an action, his real estate is sold to satisfy a judgment against a codefendant, for the payment of a sum of money, and, the same remaining unredeemed for the year immediately following such sale, it is conveyed, by the proper officer, to the purchaser at such sale, the latter, and not the former, defendant is liable to such purchaser, for the rent thereof for such year.

SAME.—*Landlord and Tenant.*—A conveyance of the land of a judgment debtor, by virtue of a sale thereof upon an execution or decree, does not create the relation of landlord and tenant, between the person receiving such conveyance and such debtor.

SAME.—*Pleading.*—*Complaint.*—*Justice of the Peace.*—In a suit commenced in the court of a justice of the peace, the complaint is sufficient if it states the cause of action in such manner that the defendant is thereby informed of the nature of the plaintiff's claim, and that a judgment thereon will be a bar to another suit for the same cause, though, if filed as a complaint for the same cause, in an action commenced in the circuit court, it might be insufficient.

From the Marion Circuit Court.

*J. S. Tarkington*, for appellant.

*G. Carter*, for appellee.

HOWK, J.—This action was commenced by the appellee, as plaintiff, against the appellant, as defendant, before a justice of the peace of Marion county, Indiana.

Appellee's complaint alleged, in substance, that by virtue of a decree, issued in a cause wherein appellee was plaintiff, and appellant and others were defendants, to the sheriff of said county, by the clerk of the superior court of said county, which decree was in favor of appellee and against said defendants, said sheriff did, on November 15th, 1873, sell to appellee a certain lot, particularly described, in Indianapolis, Marion county, Indiana, and issued his certificate of said sale to appellee; that at the time of the rendition of said decree, and at the time of said sale, appellant was the owner of said property and in possession thereof, and remained in possession thereof from the day of said sale till July 18th, 1874, on which day he conveyed away his right of redemption in said property; that on December 12th, 1874, the said sheriff, by virtue of said decree and certificate, conveyed said property to appellee, who then owned the same; that the reasonable rents of said premises, from November 15th, 1873, to July 18th, 1874, amounted to two hundred dollars; that the appellant had not paid the same, nor any part thereof, to the appellee, although often requested thereto; and appellee demanded judgment for two hundred dollars, and for all other proper relief.

Appellant demurred to this complaint, for the want of sufficient facts therein to constitute a cause of action. This demurrer was overruled, and the cause was tried by the justice; which trial resulted in a finding and judgment, in favor of appellee and against appellant, for the sum of one hundred and forty-four dollars, from which judgment the appellant duly appealed to the court below.

The appellant refiled his demurrer to appellee's complaint, which demurrer was overruled by the court below, and to this decision appellant excepted. And the cause was then tried by the court, without a jury, and a finding made and judgment rendered, in favor of appellee and against appellant, for the sum of one hundred and forty-four dollars, and costs.

On written causes filed, appellant then moved the court below for a new trial, and the motion was overruled, and appellant excepted.

The evidence, on the trial in the court below, is properly in the record.

In this court, the appellant has assigned the following alleged errors :

1st.  The overruling of appellant's demurrer to appellee's complaint;

2d.  The overruling of appellant's motion for a new trial; and,

3d.  That the complaint did not state facts sufficient to constitute a cause of action.

It is well settled law, in this State, that, in suits originating before a justice of the peace, the statement of the plaintiff's cause of action will be sufficient, if it will inform the defendant of the nature of the plaintiff's claim, and be so explicit that a judgment in the suit may be used as a bar to another action for the same cause.  *Clark* v. *Benefiel*, 18 Ind. 405 ; and *Milholland* v. *Pence*, 11 Ind. 203.

We think that the complaint in the case at bar, while it would be clearly insufficient in an action commenced in a court of record, did inform the defendant of the nature of the plaintiff's claim, and that the judgment in this suit might be readily used as a bar to another suit for the same cause of action.  Therefore, we hold, that the complaint in this action, originating, as it did, before a justice of the peace, was sufficient.  This disposes of the first and third alleged errors in this cause.

The second alleged error was the decision of the court below, in overruling appellant's motion for a new trial.

It is very evident, that the appellee founded his right of action against the appellant, in this suit, upon the last clause of the 2d section of the statute of this State for the redemption of real property, or any interest therein, sold on execution or order of sale, etc., approved June

4th, 1861. 2 R. S. 1876, p. 220, note *a*. The clause referred to is in these words:

"The judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits."

This language is too plain for construction. It clearly imposes a liability, in the event of the non-redemption of lands or lots sold by the sheriff, for their reasonable rents and profits, for the year in which they might have been redeemed, in favor of the purchaser, upon the judgment debtor, and upon no one else. It is not the owner of the equity of redemption, nor the tenant in possession, but it is the judgment debtor, as such, the man who owes the money, whom the statute makes liable to the purchaser, for the reasonable rents and profits of the premises, sold at sheriff's sale, for the year that the purchaser is not entitled to the possession, if the premises are not redeemed in the mode prescribed by law. And where, as in this case, the purchaser at a sheriff's sale of lands or lots brings his action, under the statute, for the recovery of the reasonable rents and profits of the premises purchased, for the year that he was not entitled to the possession thereof, he must bring his action against the judgment debtor, or he can not recover. It is not the relation of landlord and tenant, which creates this liability, for clearly that relation does not exist, during the year in question. But the liability is a *quasi* penalty, in the nature of interest or damages, which the law gives the purchaser, for the year that he is deprived of the use of his money invested in the purchase, and is not entitled to the possession of the property purchased; and, very properly, it seems to us, this penalty is imposed by law upon the man who owes and ought to pay the judgment,—the judgment debtor.

In appellant's motion, in the court below, among the causes assigned for a new trial of this cause, were these:

1st.   That the finding of the court was not sustained by sufficient evidence; and,

2d.   That the finding of the court was contrary to law.

Among the evidence produced by the appellee, on the trial in the court below, was a certified copy of the judgment or decree, mentioned in his complaint.   This was necessary and material evidence, which appellee was bound to produce; for without it he could not prove the cause of action stated in his complaint.   But this certified copy of the judgment or decree, under which the appellee became the purchaser, and subsequently the owner, of the lot described in his complaint, proved that the appellant was not, but that another man was, the judgment debtor, in said judgment or decree.   Upon this evidence, the finding of the court below, in this action, for the reasons already given, should have been for the appellant, the defendant below.   And, in our opinion, the court below erred, in overruling appellant's motion for a new trial.

This decision is in strict harmony with the decision of this court, in the case of *Clements et ux.* v. *Robinson,* 54 Ind. 599, at the present term, where the above cited clause of our redemption act is carefully considered and passed upon.

The judgment is reversed, and the cause remanded, with instructions to the court below to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.