## GALE v. PARKS.

REDEMPTION.—*Constitutional Law.*—*Sheriff's Sale.*—*Action for Rent.*—That clause of section 2 of the redemption act of June 4th, 1861, 2 R. S. 1876, p. 220, note *a*, making a judgment debtor liable to a purchaser of his land at sheriff's sale for the rent of the same if not redeemed, is not unconstitutional.

SAME.—*Title of Purchaser.*—*Conveyance.*—The title of a purchaser of real estate sold at sheriff's sale and not redeemed, when perfected, relates back to the date of such sale.

SAME.—*Statute Construed.*—*Common Law.*—*Action.*—Such purchaser, on the failure of the debtor to redeem, may, either at common law, or under section 14, 2 R. S. 1876, p. 342, maintain an action against the latter, for his use and occupation of such premises during such year.

SAME.—*Evidence.*—*Judgment.*—*Process.*—*Notice by Publication.*—*Jurisdiction.* —On the trial of an action by the purchaser of real estate sold under a decree of foreclosure of a mortgage against the judgment debtor, to recover for the rent of such real estate for the year succeeding such sale, the record of such decree, reciting that notice of the suit for foreclosure had been duly given to the defendant by publication, is competent evidence on behalf of the plaintiff, even though he be the judgment plaintiff, and even though such notice might not have been sufficient if attacked directly on appeal from such decree.

SAME.—*Exemplification of Record.*—*Defective Certificate.*—On the trial of such action, the plaintiff introduced a transcript of the complaint, decree, execution and sheriff's return thereon, duly authenticated as such by the clerk of the proper court.

*Held*, that the evidence was admissible, and the certificate sufficient, though it did not purport that the transcript contained a copy of *all* the pleadings and proceedings in such action.

SUPREME COURT.—*Evidence.*—*Record.*—*Bill of Exceptions.*—Where, on appeal to the Supreme Court, the record does not affirmatively show that it contains all the evidence given on the trial, no question is presented as to the sufficiency of the evidence to sustain the verdict or finding.

From the Noble Circuit Court.

*H. S. Tousley* and *H. G. Zimmerman*, for appellant.

*I. E. Knisely*, for appellee.

BIDDLE, J.—Complaint by appellee against the appellant, in two paragraphs.

The first paragraph is generally for the use and occupation of certain lands.

The second paragraph avers a decree of foreclosure of a

mortgage, in favor of the appellee and against the appellant, upon the lands alleged to have been occupied, a sale under the decree to the appellee, certificate of purchase, failure by the appellant to redeem, and a sheriff's deed to the appellee.

A demurrer, alleging the insufficiency of the facts stated, was overruled to the second paragraph of the complaint, and exception reserved.

Answer in general denial; trial by the court; finding for the appellee; motion for a new trial overruled; exception; judgment; appeal.

The appellant discusses two points in his brief:

1. The overruling of the demurrer to the second paragraph of complaint, which he insists is error; and,

2. The admission of the decree on the foreclosure of the mortgage, which he insists was incompetent evidence.

1. The only point he makes on the demurrer is the unconstitutionality of the last clause of section 2 of the redemption act of June 4th, 1861, 2 R. S. 1876, p. 220, sec. 2, enacting that if the premises are sold and not redeemed at the end of the year by the judgment debtor, as provided in the act, he shall be liable to the purchaser for their reasonable rents and profits. The ground taken is, that this provision is not included in the title of the act. We think the clause is constitutional, but we need not pause to settle the constitutional question, as we think the appellee might have recovered without the enactment complained of. It does not create or grant a new right. An action to recover rent for use and occupation would lie at common law; besides, we have another statute still more liberal than the clause we are considering, in the act of 1861, namely: "The occupant without special contract, of any lands, shall be liable for the rent, to any person entitled thereto." 2 R. S. 1876, p. 342, sec. 14. After the year expired, and the purchaser under the decree of foreclosure had received the sheriff's deed, his title related back to the time of the sale; and we think he is, and would have

been without the first clause in the act of 1861, entitled to recover for rent during that period.

If this view is correct, the demurrer was properly overruled.

2.  It is alleged that the record of the decree offered in evidence does not show that the court rendering it had jurisdiction over the person of the defendant therein, because it does not show any process or service upon it, against him.   The language of the transcript is as follows : "And also files the following proof of publication in this behalf in these words (h. i.), and it appearing to the satisfaction of the court upon said proof of publication, that the defendants, George H. Gale and Ellen B. Gale, have each been duly and legally notified of the pendency of this action, for three weeks, more than thirty days prior to the first day of the present term of this court, by publication as the law directs, in the LaGrange Standard, a weekly newspaper printed and published in said county, and of general circulation therein.   Thereupon said defendants are each three times called, come not, but herein wholly make default.

"And this cause for trial," etc.

We need not decide that this process and service would have been held sufficient, on a direct appeal from the decree to this court, but we think it is good when the record is offered in a collateral proceeding, though offered in favor of the plaintiff in the judgment.

The distinction between proceedings when attacked on direct appeal, and when attacked collaterally as evidence, must be kept in mind.

It does not appear to us, that the authorities cited by the appellant bear him out in his propositions.   We need not cite them ; the principle is familiar.

The appellant insists, that the certificate of the clerk of the court to the transcript is not sufficient, because it does " not purport to be a full and complete transcript of all the proceedings in said court in the action therein referred

to." It is true, that it does not purport to be a full and complete transcript of *all* the proceedings in the case, but it purports to be " a true and complete copy of the complaint on file, and of the judgment and decree of record, and of the execution issued and on file in said office, and of the return thereon, made and recorded in the proper record in said office, in the foregoing cause of William Parks against George H. Gale," etc.

In our opinion, this certificate is sufficient to authenticate all the parts of the record which its terms cover, and that those parts were properly admitted for whatever they were worth as evidence. There are many cases wherein a party desires to use only a part of a record, and if such part is properly exemplified, we think it may be introduced as evidence without requiring the party to obtain the exemplification of the entire record. Indeed, if the original papers were present and offered as evidence, they would have to be introduced separately, as, in that condition, thay are not written on a single roll. The cases cited by the appellant to support this part of his case go to certificates held imperfect for any purpose; not imperfect because they exemplified only a part of the record.

Let it be kept in mind, that, as to this record, we are deciding only a question of the competency of evidence, not a question of the sufficiency of evidence to maintain the title to the land in the appellee.

There is no question of the sufficiency of evidence before us; the bill of exceptions does not purport to contain all the evidence. It may be that the appellant introduced other evidence in support of his title, a complete record, or a deed, for anything that we can say as the case is presented here. Nor do we decide that the record as offered was not sufficient of itself to maintain the appellee's title.

We have thus disposed of all the points discussed by the appellant, and are not able to discover any error below.

The judgment is affirmed, with costs.

Opinion filed at May Term, 1877.

Petition for a rehearing overruled at November term, 1877.