## WILSON v. POWERS.

| 66 | 75 |
| 151 | 632 |

SHERIFF'S SALE.—*Action for Rents of Real Estate Sold.—Purchaser from Judgment Debtor not Liable.*—One who, under a conveyance from the judgment debtor, enters into possession of real estate sold at sheriff's sale, and retains possession until the expiration of the year for redemption, is not liable to either the purchaser or his assignee for the rents.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. C. Wilson,* for appellant.

*J. M. Vanfleet* and *M. F. Shuey,* for appellee.

NIBLACK, J.—This was a suit by Susan J. Powers, against William C. Wilson, for the recovery of rent for the use and occupation of certain real estate.

The cause was tried by the court upon an agreed statement of the facts, which, so far as material for our consideration here, may be summarized as follows:

That one James H. Speakman, being the owner in fee of lot 26 in the town of Elkhart in Elkhart county, on the 1st day of June, 1867, together with his wife, mortgaged said lot to one Samuel Powers, to secure the payment of a debt of seven hundred dollars; that, on the 3d day of June, 1867, the said Speakman and wife further mortgaged said lot to one Calvin Crane, to secure a debt of one thousand two hundred dollars; that, in September, 1869, judgments of foreclosure were duly rendered in the Elkhart Circuit Court, upon said mortgages, in favor of the said Powers and Crane respectively; that, on the 12th day of February, 1870, upon an order of sale issued upon the judgment in favor of Powers, said lot was sold by the proper sheriff to the said Calvin Crane, for the sum of two thousand six hundred dollars, that being sufficient to satisfy both judgments, and the said Crane receiving a certificate of sale from such sheriff, entitling him to a deed for said lot at the expiration of one year from the time of such sale; that, on the 12th day of February, 1871, the said lot not having been redeemed, the sheriff executed a deed for it to the said Crane; that, in June, 1871, Crane conveyed said lot to the said Susan J. Powers, and sold to her all his interest in an alleged right of action against the defendant, Wilson, for occupying and using said lot, as hereinafter stated; that, when suits were commenced by Powers and Crane upon their mortgages, Wilson was a practising attorney of the county, and was employed by, and appeared for, Speakman and wife in said suits; that, during the pendency of said suits, Speakman and wife, for a valuable consideration and in good faith, conveyed their equity of redemption in the lot mortgaged as above, to the said Wilson, who afterward went into possession under

Wilson v. Powers.

such conveyance, and continued in possession under it from the 12th day of February, 1870, until the 12th day of February, 1871, that is to say, from the time of the sale of said lot by the sheriff until the time for its redemption had expired, and no longer; that the rental value of said lot during the time Wilson so used and occupied it was eighteen dollars per month, and that, although Wilson was notified while in possession that rent would be required of him, he never paid, or promised to pay, any one rent for the use of said lot.

Crane was made a defendant to answer as to his interest in the subject-matter of the suit, but no judgment of any kind was taken against him.

Upon the agreed statement of facts as above, which was all the evidence in the cause, the court found for the plaintiff in the sum of two hundred and sixteen dollars, and, over the objection of the defendant, rendered judgment against him for that sum.

The controlling question, and the only one we need consider, is : Was the finding of the court sustained by the facts, as thus agreed upon by the parties ?

That question must be decided in the negative.

The act authorizing the redemption of real estate sold upon execution, or upon any order of sale in a judicial proceeding, provides, amongst other things, that " The judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits." 2 R. S. 1876, p. 220, sec. 2.

From this it will be seen, that the judgment debtor, and not the purchaser, is entitled to the possession of the premises for the year succeeding the sale, and that it is only against the judgment debtor that the

purchaser has any claim for rents and profits during such year. The purchaser not being entitled to the possession of the premises during the year succeeding his purchase, it would seem to inevitably follow, that he is not entitled to receive rent from any one during that period, except when otherwise expressly provided by law. The clause of the statute above quoted does expressly provide otherwise as against the judgment debtor, but not as against any one else. We see nothing in this statute, therefore, which can be construed to make any one liable for rent in a case like this, except the judgment debtor, and have hence come to the conclusion that the court erred in finding as it did upon the evidence before it.

We are fully sustained in the conclusion we have reached by the cases of *Clements* v. *Robinson*, 54 Ind. 599, and *Powell* v. *DeHart*, 55 Ind. 94, to which we still adhere upon a full review of so much of them as is applicable to the case before us.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court below to render judgment in favor of the appellant, Wilson, upon the agreed statement of facts before it.