## GRAVES *v.* KENT.

MORTGAGE, FORECLOSURE OF.—*Judgment Debtor Liable for Rents and Profits during Year Allowed for Redemption.*—The judgment debtor alone is liable for the rents and profits of real estate sold upon execution or at a judicial sale, for the year succeeding such sale, during which he is entitled to the possession of said real estate; and one who owns the equity of redemption merely in mortgaged lands, by purchase from the grantee of the mortgagor, although a party defendant to the proceedings to foreclose the mortgage, and although he expressly purchased subject to the mortgage, is not a judgment debtor within the meaning of the rule.

From the Newton Circuit Court.

*J. R. Troxell* and *P. H. Ward*, for appellant.

*C. H. Test, J. Coburn* and *E. E. Bassett*, for appellee.

NIBLACK, J.—This was an action by Alexander J. Kent,

against Daniel M. Graves, for the rents and profits of certain real estate, after it had been sold at a judicial sale, and while it was liable to be redeemed.

Upon a trial by a jury, there was a verdict for the plaintiff for two hundred and seventy-five dollars. A motion for a new trial was overruled, and judgment followed upon the verdict.

The material facts, as they were made to appear upon the trial, may be briefly stated thus :

On the 6th day of October, 1869, one Benjamin M. Whinnery executed his promissory note to the plaintiff, Kent, for the sum of seven hundred dollars, and, to secure the payment of said note, he afterward,.on the 26th day of October, 1869, together with his wife, mortgaged to the said Kent lots Nos. 7 and 8, in block No. 1, in Mc-Cullough's Addition to the town of Kentland, on which there was a flouring mill and fixtures. Whinnery and wife afterward conveyed one undivided half of said lots to one Charles French. French and wife then conveyed said undivided half of said lots to one Walker Graham. Whinnery and wife having in the mean time conveyed the remaining undivided half of said lots to the said Walker Graham, he, the said Graham, with his wife, conveyed the whole of said lots to the defendant, Graves, subject to the mortgage from Whinnery and wife to Kent, " to be enforced as against said grantee (Graves) only upon the property described in said mortgage."

After Graves had thus become the owner of the equity of redemption in the mortgaged premises, Kent commenced proceedings in the common pleas court of Newton county, against Whinnery and wife, French and wife, and Graham, and the said Graves, to foreclose his mortgage, and obtained a personal judgment against Whinnery upon the note, and a decree for the foreclosure of the mortgage and the sale of the mortgaged premises, against all the defendants to said action.

On the 26th day of April, 1873, the mortgaged lots were sold under this decree of foreclosure to the plaintiff, Kent. On the 27th day of April, 1874, such lots not having, in the mean time, been redeemed, were conveyed by such sheriff to Kent. Graves went into possession under his deed from Graham, and used and occupied the mortgaged lots from the 26th day of April, 1873, to the 26th day of April, 1874, the time during which such lots were liable to have been redeemed from the sheriff's sale to Kent, and it was for the use and occupation of those lots, during that period of time, that the judgment appealed from in this case was rendered.

The defendant, by his motion for a new trial, raised the question of the sufficiency of the evidence to sustain the verdict, and error is assigned here upon the refusal of the court to grant him a new trial.

It has been decided by this court, that it is only the judgment debtor who can be made liable for the rents and profits of real estate sold upon execution or at a judicial sale, for the year suceeding such sale, during which such judgment debtor is entitled to the possession of said real estate. *Clements* v. *Robinson*, 54 Ind. 599.

We have, also, heretofore held that the owner of the equity of redemption merely in mortgaged lands, although a party defendant to proceedings to foreclose the mortgage, is not a judgment debtor within the meaning of the statute authorizing the redemption of lands sold upon execution, or at a judicial sale. *Powell* v. *DeHart*, 55 Ind. 94.

Adhering to the doctrines of these cases, as we feel it to be our duty to do, we are evidently brought to the conclusion that the verdict in this case was not sustained by sufficient evidence.

The evidence failed to show that the appellant, Graves,

was a judgment debtor in the judgment upon which the mortgaged premises were sold. On the contrary, it was made to appear affirmatively that he was not such judgment debtor within the meaning of the rule laid down in the case of *Powell* v. *DeHart, supra.*

But it is contended that the cases of *Clements* v. *Robinson* and *Powell* v. *DeHart* are, as to those portions of them relied on as above, impliedly overruled by *Gale* v. *Parks,* 58 Ind. 117, and that this action was properly maintained, both at common law and under the act of May 20th, 1852, in relation to landlords and tenants. 2 R. S. 1876, p. 342, sec. 14.

In the first place, we can not construe the opinion in the case of *Gale* v. *Parks* as overruling any thing previously decided by this court. In that case, not only the facts presented, but the questions discussed, were essentially different from those presented and discussed in the cases of *Clements* v. *Robinson* and *Powell* v. *DeHart,* which are followed in the case at bar.

In the next place, we can not see upon what principle the verdict in this case can be sustained, either at common law, or under the act of 1852, as the statute authorizing lands sold at a judicial sale to be redeemed gave Whinnery and those claiming under him, and not the appellee, possession of the mortgaged lands during the period of time for which rent was demanded in this action. See, also, *Wilson* v. *Powers,* 66 Ind. 75.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Petition for a rehearing overruled.