Davis *et al. v.* Newcomb, Assignee, *et al.*

---◆◆◆---

No. 9152.

DAVIS ET AL. *v.* NEWCOMB, ASSIGNEE, ET AL.

SHERIFF'S SALE.— *Title of Purchaser.—Redemption.*—The title of a purchaser of real estate sold at a sheriff's sale,when perfected, relates back to the date of such sale, and such purchaser has a right of action to recover the rents and profits for the year after such sale, if the property be not redeemed.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Rents and Profits of Real Estate of Assignor Sold on Execution in Hands of Assignee.—Purchaser Entitled Thereto.*—The owner of real estate sold on execution made an assignment of his property, under the statute, for the benefit of his creditors, and turned the possession of such real estate over to his assignee. who collected the rents therefor during the year allowed for redemption. The owner thereof being insolvent, and such real estate not having been redeemed, suit was brought by the purchaser to recover the funds from the rental of such property in the hands of the assignee.

*Held,* that such rent money must be regarded as being the proceeds of lands which belonged to the purchaser at the time they accrued, and which he could recover in the hands of the assignee.

*Held.* also, that an assignment for the benefit of creditors, under the statute, should not be deemed to create any right in the assignee. or the creditors for whom he is trustee,which can exclude the equitable claims. of others in their origin antedating the assignment.

From the Marion Circuit Court.

*S. Claypool* and *W. A. Ketcham*, for appellants.

*H. Dailey, W. N. Pickerill* and *A. C. Downey*, for appellees.

WOODS, J.—Benjamin F. Riley made an assignment of his property, for the benefit of his creditors, to Horatio C. Newcomb.

The appellants filed, in the court below, a petition, the material averments of which are as follows:

*In re* Assignment of Benjamin F. Riley: To the Hon. Joshua G. Adams, Judge, etc. : Your petitioners, who are partners under the firm name of The Indiana Banking Company, respectfully show, by way of petition and complaint against Horatio C. Newcomb, who is the trustee of said Riley under the assignment herein, that heretofore, to wit, on the 6th day of September, 1876, in the Marion Superior Court, these petitioners, by the consideration of said court, duly recovered a judgment against said Riley for the sum of three thousand, eight hundred and forty-seven and $\frac{21}{100}$ dollars and costs, collectible without relief from valuation or appraisement laws; that they caused execution to be issued on said judgment, and levied on real estate of the said Riley, and upon sale duly made, on the 14th day of April, 1877, purchased said real estate at sheriff's sale and received the sheriff's certificate of the sale, and upon the expiration of the year of redemption, no redemption having been made, received a sheriff's deed for the lands so purchased (a particular description of the real estate is given in the petition); and it is further shown that, at the time of said levy and sale, said Riley was the owner of the legal title of said premises and did not, at any time, for value, alienate the same, or any part thereof, but after said sale and the delivery of the certificate thereof, to wit, on May 16th, 1877, said Riley, being in embarrassed circumstances and insolvent, executed an assignment of all his assets, real and personal, including the equity of redemption in said real estate, to said Newcomb, in accordance with the statutes of Indiana in such cases made and provided; that Newcomb paid no consideration for said assignment, but received the same solely as the trustee under the law, and, as such assignee, did enter upon and take possession of said real estate, and retained such possession until the end of the year

of redemption, and did collect and receive the rents and income of such property during that time, and has the same in his possession, to the amount of $1,800.00.

That said Riley was and is wholly insolvent, and a judgment against him would be valueless ; that said Newcomb, in equity and good conscience, ought to account to the petitioners for the rents so received by him, pending the said year of redemption, less the reasonable expense of their collection, and an order to that effect is prayed. Signed by attorneys.

To this petition said Newcomb, as assignee, filed a demurrer, which the court sustained, and the exception to this ruling presents the question which we are called on to decide.

The counsel for appellees contend that the question is settled in principle by the decisions of this court, and cite *Clements* v. *Robinson*, 54 Ind. 599 ; *Powell* v. *DeHart*, 55 Ind. 94 ; *Wilson* v. *Powers*, 66 Ind. 75 ; *Graves* v. *Kent*, 67 Ind. 38.

It may be observed that, in each of the cases named the effort of the plaintiff was to obtain a personal judgment for the amount of the rents and profits accrued during the year of redemption, against some person other than the judgment debtor whose interest in the land had been sold, and it was held that the action so brought upon the facts disclosed would not lie. In none of the cases cited, and in no case decided, has there been an effort by the purchaser, from whom there has been no redemption, to seize upon and appropriate the rents and issues themselves of the property. But such is the effort in this case, and the question is, whether, upon the facts averred, the court should have awarded the relief prayed.

It is not claimed, as we understand, by appellants, that they had acquired any lien, either legal or equitable, which, as such, could be fastened upon the fund so averred to be in the hands of the assignee, but it is claimed that on the facts

averred the court, in the exercise of its equitable powers, could and ought to have ordered the fund turned over to the plaintiffs, in preference to any claims of general creditors.

It is shown that the judgment debtor, Riley, was and has remained insolvent, and that any effort to enforce a personal remedy against him must have been fruitless; that, in fact, he did not exercise his statutory right of remaining in possession of the property during the year of redemption, nor transfer that right to another for his own benefit, but turned the possession over to his assignee, who collected and has in his possession the funds arising from the rents and issues of the unredeemed property during the year allowed for redemption; and these are the facts which, it is insisted, call for the equitable interference of the court.

In the case of *Gale* v. *Parks*, 58 Ind. 117, it is decided that the purchaser of land at sheriff's sale upon execution has a common law, as well as statutory, right of action to recover the value of the rents and profits for the year after the sale, if the property be not redeemed. Speaking of the last clause of sec. 2 of the redemption act of June 4th, 1861, which enacts that the judgment debtor shall be liable to the purchaser of the premises for their reasonable rents and profits, if not redeemed, the court says: "It does not create or grant a new right. An action to recover rent for use and occupation would lie at common law; besides, we have another statute still more liberal than the clause we are considering, in the act of 1861, namely: 'The occupant, without special contract, of any lands, shall be liable for the rent, to any person entitled thereto.' 2 R. S. 1876, p. 342, sec. 14. After the year expired, and the purchaser under the decree of foreclosure had received the sheriff's deed, his title related back to the time of the sale; and we think he is, and would have been without the first clause in the act of 1861, entitled to recover for rent during that period." See also *Hollenback* v. *Blackmore*, 70 Ind. 234.

We adhere to the doctrine so declared ; and, it being settled that the title related back to the date of the sale, it is a necessary corollary that the money in dispute is and must be regarded as being the proceeds of lands which belonged to the appellants at the time they accrued.   This, in connection with the facts stated, constitutes a substantial ground on which the appellants  may equitably base their claim for the relief prayed for.

It must be conceded, to be sure, under the cases cited by appellee, that, until the end of the year, Riley had the right of possession, and as a necessary consequence, perhaps, the right of disposition, during the year, of the rents and issues of the premises for his own benefit ; and, notwithstanding his insolvency ( which alone perhaps would be as good cause for favoring one  creditor  as another), he could not have been restrained, it may be, from collecting and appropriating the rents to his own use.   He might have sold and transferred the possession, or the rents of the property, to a good-faith purchaser, as was done in the case of *Wilson* v. *Powers, supra,* and, if he had done so, have left the appellants without a remedy.   But he made no such appropriation or disposition of the rents or possession as suggested. The assignment made to Newcomb rests upon a sufficient consideration to uphold it for the purposes intended by the statute under which it was made ; but it rests on no new consideration, created or passed in connection with its execution.   A mortgagee who takes a mortgage to secure a preexisting debt, it is now held, is not a good-faith purchaser, in the sense of that phrase as used in the law.  *Gilchrist* v. *Gough,* 63 Ind. 576.  And by analogy an assignment for the benefit of creditors, under the statute, should not be deemed to create any right in the assignee, or in the creditors for whom he is a trustee, which can exclude the equitable claims of others which, in their origin at least, antedated the assignment.  On this point see Story's Equity, sections 1228 and 1229.

The case of *Riggs* v. *Whitney*, 15 Abb. Pr. 388, justifies the practice that was pursued by the petitioners in this case, and upon its merits is quite analogous and strongly supports the conclusion which we have reached.

We hold that the court erred in sustaining the demurrer to the petition.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

Petition for a rehearing overruled.