Ridgeway *et al. v.* The First National Bank of Evansville *et al.*

given to reduce the exception to writing.   *Sohn* v. *The Marion, etc., G. R. Co.,* 73 Ind. 77.

Judgment affirmed.

————◆————

No. 8223.

RIDGEWAY ET AL *v.* THE FIRST NATIONAL BANK OF EVANS-
VILLE ET AL.

REDEMPTION.—*Rents.*—Under the statute of 1861, giving to the judgment
defendant the right to occupy lands sold on execution, for the period of
a year from the sale, with a liability for rents if he do not redeem, the
rents, during that period, are his absolutely, in his own right, and not as
trustee for the purchaser, and if he be insolvent, and assign the rents in
payment of a just debt, the assignee is not liable therefor to the purchaser.
ELLIOTT, C. J., and WOODS, J., dissent.

From the Vanderburgh Superior Court.

*J. M. Warren* and *G. Palmer,* for appellants.

*A. Iglehart, T. E. Garvin, J. E. Iglehart* and *A. L. Robinson,*
for appellees.

MORRIS, C.—The appellants, who were the plaintiffs below,
allege in their complaint, that on the 17th day of July, 1875,
by virtue of an order of sale, issued out of the Vanderburgh
Circuit Court, in an action to foreclose a mortgage, brought by
the First National Bank of Shawneetown, Illinois, against
the appellee Lamphear, the sheriff of Vanderburgh county,
sold, in due form of law, to the said First National Bank of
Shawneetown, lots 17 and 18, in block 2, in the eastern en-
largement of the city of Evansville, and State of Indiana, for
the sum of $3,500; that said bank paid the purchase-money,
and the sheriff executed and delivered to it a proper certifi-
cate of purchase for said lots, which the bank, by its deed in
writing, duly assigned and transferred to the plaintiffs.   That
on the 8th day of May, 1878, said lots not having been re-

deemed, were by the sheriff properly conveyed to the plaintiffs. It is further stated that said lots were occupied for a year from the date of said sale by one William H. Caldwell, as a tenant of said Lamphear, at a rental of forty dollars per month; that Lamphear was indebted to the First National Bank of Evansville, Indiana, in the sum of $3,000; that this indebtedness had been of long standing; that Lamphear was insolvent and unable to redeem said lots from said sale, which was well known to the bank; that said bank procured Lamphear to assign to it, in part payment of said indebtedness, said rents; that by virtue of said assignment it had collected the rents of the tenant, Caldwell, for one year from the day of sale, amounting to the sum of $480. For this sum and interest thereon, the appellants demand judgment.

The appellees demurred, separately, to the complaint. Their demurrers were sustained, and the appellants excepted. They declined to amend, and final judgment was given for appellees.

The error assigned is, that the court below erred in sustaining the demurrers of the appellees.

The appellee Lamphear has filed in this court a confession of the error assigned.

The appellants insist that the sheriff's deed to them related back to the sale of the lots, so as to entitle them to the rents during the year allowed by law for redemption. This is the only question in the case.

That the appellants' deed took effect, by relation from the sale, so as to protect their purchase against intervening claims, admits, we think, of no doubt. The relation back of the deed, so as to give it effect from the day of the sale, is allowed from necessity, to avoid injury to the operation of the deed from events happening between its execution and the sale.  4 Kent Com. 454; *Ashley* v. *Eberts,* 22 Ind. 55; *Jackson* v. *Ramsay,* 3 Cow. 75; *Bellows* v. *McGinnis,* 17 Ind. 64.

The question, then, is, did the purchaser at the sheriff's sale buy the lots subject to the right of the judgment debtor to

receive in his own right and enjoy the rents for one year from the day of sale? or did they purchase subject to his right to receive in trust only, and hold for them, the rents for one year? If the purchase was made subject to the right of Lamphear to receive for himself the rents, then it follows that the appellants can not, by invoking the doctrine of relation, assert title to the rent of the lots.

The statute of 1861, in force when this sale was made, provided that "the judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not redeemed at the end of the year, as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits."

This provision gives to the debtor the right to possess and enjoy the premises for one year from the day of sale. It gives him the right to whatever the premises may produce as clearly as it gives him the right to their possession. The crops growing and maturing on the premises before the expiration of the year are his; they do not belong to the purchaser. And, if he fails to redeem within the year, he is liable to the purchaser, not for what he has made the premises produce, but for what they should have produced—" their reasonable rents and profits." To turn the judgment debtor into a trustee to hold the rents and profits of the premises sold for the purchaser, would be equally in violation of the letter and spirit of the law.

We conclude, then, that a purchaser at sheriff's sale under the law of 1861, buys subject to the right of the judgment debtor to retain possession of the premises for one year, and to receive in his own right the rents and profits for that year. And this conclusion we understand to be in accordance with the decisions of the Supreme Court.

In the case of *Clements* v. *Robinson*, 54 Ind. 599, it was held that, under this provision of the statute of 1861, no person, other than the judgment debtor, could be made liable to the

purchaser for the receipt of the rents and profits during the period allowed for redemption of premises sold at sheriff's sale.

In the case of *Powell* v. *DeHart*, 55 Ind. 94, Judge HOWK, in speaking of this provision, says:

"This language is too plain for construction. It clearly imposes a liability, in the event of the non-redemption of lands or lots sold by the sheriff, for their reasonable rents and profits, for the year in which they might have been redeemed, in favor of the purchaser, upon the judgment debtor, and upon no one else. It is not the owner of the equity of redemption, *nor the tenant in possession,* but it is the judgment debtor, as such, the man who owes the money, whom the statute makes liable to the purchaser, for the reasonable rents and profits of the premises, sold at sheriff's sale, for the year that the purchaser is not entitled to the possession, if the premises are not redeemed in the mode prescribed by law."

The appellants insist that the case of *Gale* v. *Parks*, 58 Ind. 117, is so entirely in conflict with the cases of *Clements* v. *Robinson,* and *Powell* v. *DeHart, supra,* as that it must be regarded as overruling them. Parks alleged, in the second paragraph of his complaint, that he had obtained a decree of foreclosure against Gale upon land stated to have been occupied by Gale, a sale under the decree to him, a certificate of purchase, the non-redemption of the land and a sheriff's deed to Parks, the occupation of the land sold by Gale, etc.

Gale demurred to this paragraph, and, in speaking upon the ruling of the court below upon this demurrer, Judge BIDDLE says:

"The only point he," Gale, "makes on the demurrer is the unconstitutionality of the last clause of section 2 of the redemption act of June 4th, 1861, * * enacting that if the premises are sold and not redeemed at the end of the year by the judgment debtor, as provided in the act, he shall be liable to the purchaser for their reasonable rents and profits. The ground taken is, that this provision is not included in the title of the act. We think the clause is constitutional, but we need not

pause to settle the constitutional question, as we think the appellee might have recovered without the enactment complained of."

Judge BIDDLE's meaning is not quite as clear as it might be, but, as he does not mention the previous cases upon the subject, it would hardly be just to him to suppose that he intended to overrule them.

In the case of *Hollenback* v. *Blackmore,* 70 Ind. 234, the doctrine of relation is stated to be, "that 'where there are divers acts concurrent to be done to make a conveyance, estate or other thing, the original act shall be preferred; and to this the other acts shall have relation.'" The doctrine does not apply to sheriff's sales and deeds with any more force than it does to other conveyances. If A. agrees in writing with B. that, in consideration of $1,000 paid down by B., he will in one year convey to him a farm and put him in possession of it, the conveyance, when executed, would relate back to the agreement as the principal act, but no one would think that it would by relation entitle B. to the income of the farm prior to the day on which, by the agreement, it was to be actually made and delivered. It would, by relation, protect the grantee against the effects of an adverse possession commenced after the agreement and before its actual execution, and would be valid, though at the time of its execution the farm was in the adverse possession of another. This doctrine was invented, if we may use the expression, for the promotion of justice, and it will not, therefore, be applied so as to work injustice or wrong to any one. It is believed that no case can be found where the doctrine has been so applied as to divest the party, against whom it has been invoked, of a right given by the law, unless he had agreed to surrender it. To suppose that the law would, by the application of the doctrine of relation, divest a party of the rents of an estate, the right to which the law itself conferred upon him, would be singular indeed, if not absurd.

In the case of *Frost* v. *Beekman,* 1 Johns. Ch. 288, it

was held that the doctrine should not be so applied as to work injustice to the rights of innocent parties acquired between the events which it was proposed to unite by relation, nor by making that tortious which was lawful originally. As where a deed, made in pursuance of a previous contract to sell, as between the parties, would relate back to the date of the contract, but it will not be allowed to do so to the injury of intermediate innocent purchasers. The doctrine is stated by Judge THOMPSON thus: "It is a general rule, with respect to the doctrine of relation, that it shall not do wrong to strangers; as between the parties it may be adopted for the advancement of justice." *Fite* v. *Doe,* 1 Blackf. 127; *Jackson* v: *Bard,* 4 Johns. 230 (4 Am. Dec. 267).

The redemption law of 1861 applies only to contracts made after it took effect. It enters, as a silent term, into all contracts made since it became a law. It follows, therefore, that the case just supposed, is the case in hearing. The Bank of Shawneetown, Illinois, took its certificate with the understanding that Lamphear was to have and enjoy the rents, in his own right, not as its trustee or tenant, of the lots for one year. The law, which was a part of this contract, gave him this right. To maintain the law is to protect him in the legal enjoyment of this right.

The record shows, and the complaint alleges the fact, that Lamphear applied those rents in the payment of an honest debt of long standing. If these rents were his, it was for him, as it is for every property owner, to determine how he could best use them, provided the proposed use should be lawful. It is not only lawful, but commendable, for a man to apply whatever he may have to the payment of his debts. This Lamphear did. And this fact distinguishes this from the case of *Davis* v. *Newcomb,* 72 Ind. 413. We understand it to be conceded in that case, that the judgment debtor is entitled to the income of land sold by the sheriff, during the year allowed for redemption, and to the right, within the year, to dispose of the same. Here Lamphear, as stated in the com-

plaint, assigned within the year, the rents in payment of a debt. This did not give the purchaser at sheriff's sale a right of action against the assignee of the rents. *Wilson* v. *Powers,* 66 Ind. 75; *Graves* v. *Kent,* 67 Ind. 38.

We think the judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be in all things affirmed in favor of The First National Bank of Evansville, at the costs of the appellant; and that the judgment in favor of Lamphear be in all things reversed, at his costs. Cause remanded.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Lamphear's property was sold on execution; he failed to redeem; during the year for redemption it was in the possession of a tenant; he, in payment of an indebtedness, sold and transferred the rents to the First National Bank of Evansville, which had received them and credited Lamphear therefor. Appellants, as assignees of the certificate of purchase at the sheriff's sale, received a deed for the property, and sued appellees for the rents. That the suit was rightly brought against Lamphear, can not be successfully questioned. The redemption statute expressly provides, that, if the judgment debtor fails to redeem within the year, as provided in the act, he shall be liable to the purchaser for the reasonable rents and profits. And it has been insisted by appellants' counsel, in a lengthy and learned brief, and by oral argument, that the action can also be maintained against the First National Bank, and that their petition for a rehearing as to it ought to be granted. This court has decided that, while the judgment debtor could be sued for the rents, third parties, who own or occupied the premises, could not. *Clements* v. *Robinson,* 54 Ind. 599; *Powell* v. *DeHart,* 55 Ind. 94; *Wilson* v. *Powers,* 66 Ind. 75; *Graves* v. *Kent,* 67 Ind. 38.

The case of *Gale* v. *Parks,* 58 Ind. 117, we think is not in point. That was a suit for the rents, against the judgment debtor alone, and this question could not legitimately arise in

the case, and nothing in relation to the question here involved was there decided.

The case of *Davis* v. *Newcomb*, 72 Ind. 413, seems to come nearer in conflict with the previous decisions above named. This was a petition filed in the Marion Circuit Court, in the proceedings of the assignment of Benjamin F. Riley for the benefit of his creditors, to Newcomb as assignee, by the purchasers of Riley's real estate, previous to said assignment, to require said Newcomb to pay to them the rents which he had received from said real estate during the year for redemption. These funds were yet in the hands of the assignee, in the custody of the court, and subject to its order. And in that case the court held that,, although no lien, either legal or equitable, could be fastened upon the fund, yet the court, in the exercise of its equitable powers, could and ought. to have ordered the fund turned over to the plaintiffs, in preference to any claims of general creditors. In that case the court further says: "He (Riley) could not have been restrained, it may be, from collecting and appropriating the rents to his own use. He might have sold and transferred the possession, or the rents of the property, to a good faith purchaser."

In the case at bar, the rents did not remain in the custody of the court, or any agent, trustee or intermediate person, but had fully passed into the ownership of a good faith creditor in payment of Lamphear's indebtedness. And we can not see any difference between this and if the bank had paid Lamphear the money for the rents; there were no intervening secret equities to be cut off by the want of notice. We think the case under consideration is plainly distinguishable from the Newcomb case, and is not required thereby to be reversed as to the bank. Since this case was decided in June last, in the case of *Connelly* v. *Dickson*, 76 Ind. 440, the question of the appointment of a receiver to collect and hold the rents during the year for redemption, where the property was in the hands of a tenant, was before this court,

Ridgeway *et al.* v. The First National Bank of Evansville *et al.*

and it was then held that the court possessed such power. We do not think the point decided in that case conflicts with the former decision of this case. In this case the judgment debtor was not interfered with in any way in the management of the rents. He had a right to collect them and use them; the tenant had a right to pay them to him. And if the judgment debtor saw cause to pay them out on a good faith indebtedness, or buy something to live upon, and had consumed it, the purchaser at sheriff's sale, having no lien upon them either legal or equitable, we do not think that he could follow the money and collect the amount from the persons so receiving it. If he wanted the rents held or his claim fastened upon them, he ought to have taken steps to have had it done, before the debtor had made a final disposition of them.

We think the former decision in this case ought to be adhered to, and the petition for a rehearing overruled.

PER CURIAM.—Petition overruled.

ELLIÒTT, C. J., and WOODS, J., dissent.

### DISSENTING OPINION.

ELLIOTT, C. J.—I am for granting the petition. I think the reasoning and decision in the cases of *Davis* v. *Newcomb*, 72 Ind. 413, and *Connelly* v. *Dickson*, 76 Ind. 440, require us to hold that the person who enters into possession under the judgment debtor shall be held liable for rent.

I am influenced by an additional reason. The assignee or grantee of the judgment debtor can not, unless fundamental principles are disregarded, hold possession under better terms than his grantor or assignor. As the right to one year's possession by the judgment debtor is burdened with the obligation to pay rent, that obligation passes with the possession of the land to all who come in under the debtor. Unless this be so, we shall have the judgment debtor transferring a broader right and greater title than he possessed.