No. 7355.

## CHASE *v.* BALL.

MORTGAGE.—*Rents and Profits.—Married Woman.—Satisfaction of Decree.*—
It is competent for a married woman, her husband joining with her, to mortgage as well the rents and profits of her real estate, as the real estate itself, for the purpose of securing not only an outstanding debt, but the costs of foreclosure and of the insurance of the mortgaged premises. And where such mortgage is foreclosed, and the premises sold for the payment only of the mortgage debt and interest, the mortgagee and purchaser will be entitled, as against the mortgagor, to the rents and profits of the mortgaged premises, during the year allowed for redemption, for the payment of such costs and insurance, and, until the same are paid, the mortgage and decree will not be *functus officio*, or satisfied.

From the Tippecanoe Superior Court.

*H. W. Chase, F. S. Chase* and *F. W. Chase*, for appellant.
*B. W. Langdon*, for appellee.

HOWK, J.—In this case, the appellee sued Daniel O'Conner and James S. Maderia, in a complaint of a single paragraph, wherein she alleged in substance, that on the 16th day of February, 1877, she leased by parol to said O'Conner and Maderia, for a term of one year and for a rent of thirty-three and one-third dollars per month, payable monthly, that part of lot number 8, particularly described, in the city of Lafayette, in Tippecanoe county, Indiana; that the said O'Conner and Maderia went into the possession of said premises under said lease, and had since been and then were in possession thereof, under the terms aforesaid, and that the monthly instalments of rent, falling due on the 16th days of February and March, 1878, were due and unpaid. Wherefore, etc.

The said O'Conner and Maderia appeared and answered in the nature of a bill of interpleader, admitting that the rent in suit was due and unpaid, and bringing the same into court; but they alleged that the appellant Frederick S. Chase, without any collusion with them, claimed that he had become the owner of the demised premises and demanded said rent from them, and they asked that the appellant Chase might be substituted as the defendant in the appellee's action in their stead, and that the court would determine which of the two, the appellee or the appellant, was entitled to said rent.

Thereupon the court ordered that the appellant, Chase, be substituted as the defendant in the appellee's action, in the room and stead of the former defendants therein; and the said Chase appeared and filed his answer in denial of the appellee's complaint, and also his cross complaint. The appellee demurred to said cross complaint upon the ground that it did not state facts sufficient to constitute a cause of action; which demurrer was sustained by the court, and to this decision the appellant excepted. The appellant then filed a verified petition for the appointment of a receiver to collect the rents of said demised premises; to which petition the appellee's demurrer, for the alleged insufficiency of the facts therein, was sustained by the court, and an exception was entered to this

decision. Judgment was rendered for the appellee for the amount of said rent, and the clerk was ordered to pay over to her the money paid in by said O'Conner and Maderia; to which said order the appellant, Frederick S. Chase, at the time excepted.

In this court the appellant, Chase, has assigned as errors the following decisions of the Superior Court:

1. In sustaining the demurrer to his cross complaint;

2. In sustaining the demurrer to his petition for the appointment of a receiver;

3. In overruling his motion for the appointment of a receiver; and,

4. In ordering the payment of the money in court to the appellee.

In his cross complaint the appellant said that, on the 25th day of August, 1876, he, the appellant, commenced an action in said superior court against one James H. Matthews, assignee of Gerald D. Gernon, a bankrupt, John F. McHugh and Julia McHugh, his wife, Robert B. Ball and John S. Williams, for the correction and foreclosure of a mortgage made by said Gernon and John F. McHugh, on February 18th, 1876, upon the same real estate described in appellee's complaint, and certain other real estate, all of which real estate had theretofore, on November 15th, 1875, been sold and conveyed by deed by Robert B. Ball and the appellee, his wife, to said Gernon and John F. McHugh; that the defendants in said suit to correct and foreclose said mortgage were duly summoned and appeared to the action; that on May 5th, 1877, the appellant filed in his said suit a supplemental complaint making the appellee a defendant thereto, by the name of Julia A. Ball, which he averred was her true name, in which supplemental complaint he charged that said Julia A. Ball, the appellee herein, claimed some interest or estate in the mortgaged real estate, including the real estate for the rent of which she sued in this action; that in said supplemental complaint the appellant further charged that all the rights of the

appellee herein were subordinate to the appellant's rights; that the appellee herein was duly summoned to answer therein; that such proceedings were thereafter had in said suit as that, on October 18th, 1877, a judgment and decree were rendered by said court in favor of the plaintiff therein, the appellant in this case, for the correction of said mortgage, and that the appellant became and was entitled to collect the rents of all the mortgaged real estate, including that described in the appellee's complaint herein.

A copy of said judgment and decree is set out in, and forms a part of, the appellant's cross complaint in this cause, from which it appears that, on the trial of the appellant's said suit for the correction and foreclosure of his said mortgage, the court found, among other things, that it was the agreement and intention of the parties thereto that the mortgage should contain the following stipulation, to wit: "Said Frederick S. Chase, as such trustee, may collect the rents of the real estate herein described and apply the same to the payment of the taxes and insurance upon the property and the residue to said promissory notes;" that said stipulation was omitted from the mortgage by mistake and inadvertence, and that the appellant was entitled to the rents of the mortgaged real estate. It further appeared, that, upon its finding, the court adjudged and decreed, *inter alia*, that the appellant was entitled to all the rents of said mortgaged real estate.

After setting out such copy of said judgment and decree, the appellant further alleged in his cross complaint, that said judgment and decree were never appealed from nor in any way annulled or set aside; that all the appellee's right, title or interest in and to said real estate was acquired by her by deed of conveyance from the said McHugh, and said Matthews, assignee in bankruptcy of said Gernon, after the execution of said mortgage to the appellant, and prior to the filing of his said supplemental complaint and to the rendition of said judgment and decree; that, on December 1st, 1877, an order of sale, duly certified, was issued on said judgment and decree

to the sheriff of Tippecanoe county, who by virtue thereof, on December 29th, 1877, offered and sold according to law the premises described in the appellee's complaint herein to the appellant, for six thousand dollars, and delivered to him a certificate of such sale, as required by law; that the said premises had not been redeemed from such sheriff's sale thereof to the appellant, and he then held said certificate of sale; that the said premises were not worth said sum of $6,000, nor more than $5,000; that the other mortgaged real estate was not worth what the appellant bid it off at, by several hundred dollars; that the taxes on all said real estate were in arrears to the amount of several hundred dollars, and none of said real estate was productive except that described in appellee's complaint; and that the appellant was entitled to all said rents, which were needed to pay taxes, costs and insurance. Wherefore the appellant said that he was entitled to the rents of the real estate described in appellee's complaint herein, accrued and to accrue, and that appellee was estopped from claiming the same; and he demanded judgment accordingly, and for all other proper relief.

We are of the opinion that the facts stated in his cross-complaint were sufficient to show that the appellant was entitled, as against the appellee, to the rents in controversy in this action. Ordinarily, no doubt, under the provisions of the act of June 4th, 1861, providing for the redemption of real property, or of any interest therein, from sales on execution or order of sale, the judgment debtor would be entitled to the possession of the property sold, and the rents thereof, during the year allowed by law for the redemption of such property, from the sheriff's sale thereof. Acts of 1861, Spec. Sess., p. 79, section 2; 2 R. S. 1876, p. 220, section 2, note a. This right of the judgment debtor to the possession of real property, sold by the sheriff, and, in the event of his non-redemption thereof from such sale, his liability to the purchaser for its reasonable rents and profits during the year for redemption, have been recognized and acted upon by this

court in a number of cases. *Powell* v. *De Hart*, 55 Ind. 94; *Wilson* v. *Powers*, 66 Ind. 75; *Graves* v. *Kent*, 67 Ind. 38.

It may be conceded that the appellee, in the case now before us, in the absence of the stipulations to the contrary in the corrected mortgage and the decree thereon, set out in appellant's cross complaint, would have been entitled to the possession of the mortgaged premises and to the rents thereof in controversy in this suit, and during the year allowed by law for the redemption of said premises from the sheriff's sale thereof to the appellant. But it seems to us that the stipulations of the mortgage and decree, to the effect that the appellant was entitled to the rents of the mortgaged premises and might collect such rents and apply the same to certain purposes, under the allegations of the cross complaint, were binding on the appellee and conclusive against her right, and in favor of the appellant's right, to the rents in controversy. Some stress is placed, by appellee's counsel, on the provision of the decree, that the appellant should have and recover the mortgage debt *only* of and from the mortgaged premises. In view, however, of the further provision of the decree, that the appellant might collect the rents of said mortgaged premises, and apply the same to the payment of the taxes and insurance on said premises, we are of the opinion that it was the intention, as well of the court as of the parties to the decree, that the appellant should have and recover his debt of and from the mortgaged premises, freed from any claim thereon on account of taxes or insurance, in so far as the rents of said premises would pay off and discharge such claims.

It was competent for the appellee, her husband joining with her, to mortgage as well the rents of her real property, as the property itself, and for and during the year allowed her by law for the redemption of such property from the sheriff's sale thereof, as well as for and during any other period of time. It was also competent for the court, with all the parties before it, to enforce such mortgage by its judgment and decree,

not only against the mortgaged premises, but also against the rents thereof. It is said, however, by the appellee's counsel, that, by the sheriff's sale of the mortgaged premises to the appellant, for the amount of principal and interest, as alleged, the judgment and decree were completely satisfied and were thereafter *functus officio*. It is clear, we think, that this result would not follow, under the allegations of fact in the cross complaint. The proceeds of a sheriff's sale of property, under an execution or order of sale, must be applied, *first*, by law, to the payment of the accrued costs and expenses of such sale. Where, as alleged in this case, the amount of the principal and interest constitutes the proceeds of sale, it is manifest that the judgment and decree will not thereby be completely satisfied or thereafter become *functus officio*.

But, aside from this, we are of the opinion, that, inasmuch as it was stipulated both in the corrected mortgage and in the judgment and decree thereon, that the appellant might collect the rents of the mortgaged premises, and apply the same to the payment of the taxes and insurance thereon, it can not be said that such judgment and decree were completely satisfied and had performed their expected functions, in the face of the allegation that the taxes on said premises were largely in arrears. As we have seen, the appellant alleged in his cross complaint, that he was entitled to all the rents of said premises, which were needed to pay taxes, costs and insurance, and that the taxes were in arrears to the amount of several hundred dollars. In the suit for the foreclosure of the mortgage, in which suit the appellee and her husband were defendants, and bound by the judgment and decree of the court therein, it was found, adjudged and decreed by the court, that the appellant was entitled to the rents of the premises, and might collect and apply the same to the payment of the taxes and insurance upon the property, and the residue to the payment of the mortgage debt. These allegations were admitted to be true, by appellee's demurrer to appellant's cross complaint; and they show very clearly, as it seems to us, that, as against

the appellee, the appellant was entitled to recover the rents, in controversy.

The court erred in sustaining appellee's demurrer to appellant's cross complaint.

This conclusion renders it unnecessary for us to consider or decide any question arising under either of the other alleged errors. As the year for the redemption of the property from the sheriff's sale thereof has long since expired, the appointment of a receiver has ceased to be a question of any importance in this case.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the cross complaint, and for further proceedings in accordance with this opinion.