Wert *v.* Naylor *et al.*

No. 11,301.

WERT *v.* NAYLOR ET AL.

VENDOR'S LIEN.—*Bona Fide Purchaser.*—*Precedent Debt.*—*Consideration.*— One who takes a conveyance of lands in payment of an existing debt, without notice of a vendor's lien, is a *bona fide* purchaser, and holds free from the liens.

. From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries*, for appellant.

*T. H. Ristine, B. T. Ristine, H. H. Ristine, P. S. Kennedy* and *S. C. Kennedy*, for appellees.

BICKNELL, C. C.—The appellant brought this suit against Harvey H. Hess and Mary C. Naylor upon a promissory note made by Hess and payable to the appellant.

The complaint alleged that the note was given for land, and that said Mary claimed some interest in the land junior to the plaintiff's lien for the purchase-money; it demanded judgment against Hess upon the note, and the enforcement of a vendor's lien. The defendant Hess was defaulted. The defendant Mary answered in three paragraphs, to wit:

1. The general denial.

2. That she was a purchaser from Hess for a valuable consideration without notice.

3. That she bought the land from Hess, who, at the time, owed her $4,000; that in payment and satisfaction of $1,000 of said indebtedness she took from him a conveyance of the land, without notice of the plaintiff's claim.

Demurrers to said special defences were overruled, and the plaintiff replied by a general denial. The court tried the issues, and, at the plaintiff's request, made a special finding of the facts and stated conclusions of law as follows:

1. The defendant Hess, by his note, on the 24th of July, 1879, promised to pay the plaintiff on or before the 25th of December, 1882, $200, with six per cent. from date, which, with interest, amounted to $251, is due and unpaid.

2. Said note was given for a part of the unpaid purchase-money of lot No. 19 in Power's addition to the city of Crawfordsville, in Montgomery county, Indiana, which lot was, on the 24th of July, 1879, sold by the plaintiff and his wife to said Harvey H. Hess, and was by them, on said day, conveyed by deed to said Hess.

3. On the 14th of August, 1882, the defendant Hess was indebted to said Mary C. Naylor in the sum of about $4,000, which indebtedness had accrued long before, and said Hess was then insolvent, and had not sufficient property to pay his debts.

4. On the 14th of August, 1882, said Hess sold said lot No. 19 to said Mary C. Naylor, and on the same day conveyed the same to her by warranty deed; the true and only consideration of said conveyance was the said prior indebtedness of said Hess to said Naylor, and it was agreed and understood between the parties at the time of the execution of said deed that said lot should be, as it was, taken and received as the sum of $1,000, as a credit and payment of said sum of $1,000 on the said indebtedness of said Hess to Naylor.

5. That at the time of the execution of said deed of conveyance to the defendant Naylor, she had no knowledge of the plaintiff's claim or lien on said lot for unpaid purchase-money, nor had she, at said time, any knowledge that the purchase-money of said lot, shown above to be due the plaintiff, was unpaid.

And as conclusions of law upon the above facts the court finds:

1st. For the plaintiff against the defendant Harvey H. Hess, and assesses his damages at $251.

2d. For the defendant Mary C. Naylor, that she is entitled to recover her costs.

The plaintiff excepted to the conclusions of law.

Judgment was rendered for the plaintiff against the defendant Hess for $251, and in favor of the defendant Naylor for costs.

Wert *v.* Naylor *et al.*

The plaintiff appealed.   The errors assigned are :

1st and 2d.   Overruling the demurrers to the special defences.

3d.   Error in the conclusions of law.

The first specification of error is not discussed in the appellant's brief, and is therefore regarded as waived. The second and third specifications present the same question, to wit:   Will the conveyance of land by a debtor to a creditor, in payment and satisfaction of a precedent debt, make the creditor a *bona fide* purchaser of the land, as against prior equities, of which he had no notice?

As to mortgages of land taken to secure a precedent debt it is well settled in Indiana, that, although a precedent debt is a valuable consideration for a mortgage given to secure it, yet it will not make the mortgagee a *bona fide* purchaser, as against prior equities of which he had no notice.   That such a mortgage is founded upon a valuable consideration was decided in *Work* v. *Brayton*, 5 Ind. 396, *Wright* v. *Bundy*, 11 Ind. 398, and *Babcock* v. *Jordan*, 24 Ind. 14, and upon this point these cases have been repeatedly followed ; but so far as these cases asserted that the holder of such a security was entitled to protection against secret equities they have been virtually overruled by *Busenbarke* v. *Ramey*, 53 Ind. 499 ; *Gilchrist* v. *Gough*, 63 Ind. 576 ; *Davis* v. *Newcomb*, 72 Ind. 413 ; *Hewitt* v. *Powers*, 84 Ind. 295 ; *Louthain* v. *Miller*, 85 Ind. 161 ; *Boling* v. *Howell, ante,* p. 329.   The doctrine of these later cases is that an antecedent debt is a valuable consideration and will support a mortgage, but is not such a consideration as will make the mortgagee a *bona fide* purchaser, so as to cut off prior secret equities.   This doctrine is supported by abundant authority elsewhere.   See the cases cited in *Busenbarke* v. *Ramey, supra,* and *Gilchrist* v. *Gough, supra.*

In the case at bar the conveyance was not a mere security. It was an absolute conveyance, and it is alleged in the third paragraph of the answer, and in the finding of the court, that

such conveyance was taken in full payment and satisfaction of one thousand dollars of the precedent debt, and without notice of the plaintiff's claim.

The appellant claims that a creditor, who takes an absolute conveyance of land in payment of a precedent debt, stands in no better condition than if he had taken a mortgage on the land to secure his debt, and it was so held in *Dickerson* v. *Tillinghast*, 4 Paige, 215. It was there held that: " To constitute a *bona fide* purchase, for a valuable consideration within the meaning of the act, the purchaser must, before he had notice of the prior equity, * * * have advanced a new consideration for the estate conveyed, or have relinquished some security for a pre-existing debt due him. The mere receiving of a conveyance in payment of a pre-existing debt, is not sufficient."

It would seem, however, that if the " relinquishment of security for the pre-existing debt " would be sufficient to protect the party against secret equities, the extinction of the debt itself would be *a fortiori* sufficient. A man who merely takes security for a debt gives up nothing, but if he satisfies the debt itself, he does give something, and he gives more than he who merely extends the time for payment of the precedent debt, which has been often held sufficient.

The last clause of the foregoing language is in conflict with the following cases, in which it was held that a conveyance of land by a debtor to a creditor would not render the latter a purchaser for value, unless something was given up or relinquished on the faith of the conveyance, or unless the transfer were accepted in absolute payment or satisfaction of the debt. *Upshaw* v. *Hargrove*, 6 Sm. & M. 286 ; *Boon* v. *Barnes*, 23 Miss. 136 ; *Halstead* v. *President*, etc., 4 J. J. Marsh. 554. See, also, *Love* v. *Taylor*, 26 Miss. 567 ; *Soule* v. *Shotwell*, 52 Miss. 236 ; *Ruth* v. *Ford*, 9 Kan. 17 ; *Safford* v. *Wade*, 51 Ala. 214. Pomeroy in his Eq. Jur., vol. 2, p. 208, says that the weight of authority is in favor of the doctrine that the extinguishment or surrender of a precedent debt, in consideration of the con-

veyance of land, makes the grantee a *bona fide* purchaser even against prior equities.

Mr. Justice STORY, in *Morse* v. *Godfrey*, 3 Story, 364, criticises the aforesaid language as follows: The Chancellor "seems * * to have held, that a transfer to a grantee in payment of a pre-existing debt, * * of an estate on which there was a prior unrecorded mortgage, of which the grantee had no notice, did not make him a purchaser, in the sense of the rule, for a valuable consideration. * * * I do not say, that I am prepared to go quite that length, seeing, that by securing the estate as payment, the pre-existing debt is surrendered and extinguished thereby."

We think the better opinion is as stated by Pomeroy, *supra*, and that there was no error in overruling the demurrer to the third paragraph of the answer, nor in the conclusions of law.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

