No. 16,186.

THE FIRST NATIONAL BANK OF MARTINSVILLE ET AL. *v.*
THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

MORTGAGE.—*Priority of Lien.*—*Pre-Existing Debt.*—*Knowledge of Earlier Mortgage.*—*Evidence*—A mortgage was executed to the plaintiff, on the 27th day of June, 1884, to secure a loan then made to the mortgagors, and the mortgage was recorded on the 28th day of January, 1885. The same parties executed a mortgage on the same real estate on the 22d day of November, 1884, to a bank, which latter mortgage was recorded on the 25th day of November, 1884.

*Held,* that if the mortgage to the bank was executed to secure a pre-existing debt, without any extension of the time of payment, as a consideration for the mortgage, the plaintiff's mortgage would constitute a prior lien on the property.

*Held,* also, that if the bank, as it was claimed, and as there was some evidence to show, had knowledge of the existence of the plaintiff's mortgage at the time of the execution of its own mortgage, then, notwithstanding the fact that the mortgage to the bank may have been given for value, the plaintiff's mortgage would have priority.

*Held,* also, that the mortgage to the bank having been excluded when offered in evidence, and this ruling not being brought before the Supreme Court for review, the bank, under the evidence in the case, could not in any event have its mortgage declared a prior lien.

From the Johnson Circuit Court.

*G. M. Overstreet, A. B. Hunter, W. R. Harrison, A. M. Cunning* and *J. S. Newby,* for appellants.

*C. E. Barrett, W. Mills, S. J. Peelle* and *W. L. Taylor,* for appellee.

OLDS, J.—The Connecticut Mutual Life Insurance Company brought this action to foreclose a mortgage executed to it by David Fogleman and Margaret Fogleman, his wife, on one hundred and thirty acres of land situate in Morgan county, Indiana, to secure the payment of $2,500, making defendants said Fogleman and Fogleman and Isabel Hensley, who held a mortgage on 40 acres of other land owned by Fogleman, and the First National Bank of Martinsville, In-

diana, who held a mortgage on the whole 170 acres of land owned by Fogleman, securing the payment of their bills of exchange amounting to $3,150.

Hensley and the First National Bank of Martinsville filed answers and cross-complaints setting up their respective mortgages.

It appears that the mortgage was executed to the appellee, the insurance company, on the 27th day of June, 1884, and recorded in the recorder's office of Morgan county on the 28th day of January, 1885. The mortgage to the appellant, the First National Bank of Martinsville, was executed on the 22d day of November, 1884, and recorded on the 25th day of November, 1884.

The controversy arising in the case relates to the priority of the mortgages executed to the insurance company and to the bank.

It is contended on behalf of the bank that it holds a *bona fide* mortgage for value without notice of the existence of the mortgage to the insurance company; while the insurance company contends that the mortgage was given to the bank to secure a pre-existing debt, without any new consideration, not even an extension of time as a consideration for the mortgage, and that the bank had knowledge of the mortgage to the appellee, the insurance company, at the time of the execution of the mortgage to the bank.

The circuit court found in favor of the appellee, and that the mortgage in favor of the appellee was a prior lien to that of the bank.

Some question is made by the appellee in regard to the proper parties being before the court, or there being any assignment of error presenting any question.

The bank makes a separate assignment of error. Conceding the proper parties to be before the court, if any question is presented by such assignment of error, it is the overruling of the bank's motion for a new trial.

The bank offered in evidence the mortgage in its favor, to

which the appellee objected, and the court sustained the objection, and excluded the evidence as against the appellee, but admitted it against the other parties, but no question is presented in regard to this ruling. The only question presented by the motion for a new trial relates to the sufficiency of the evidence to sustain the verdict.

It is admitted that the president of the bank, who acted for the bank in the transaction of the business, had full knowledge that there had been a mortgage executed by Fogleman's grantor, one McKinney, to the Northwestern Mutual Life Insurance Company for $2,500, which Fogleman was to pay, and it is not questioned but that the mortgage given to the appellee was given for money loaned by it to Fogleman, which was used in paying off the other mortgage.

If there is any evidence to prove that the bank, or its president, who transacted the business, knew of the existence of the appellee's mortgage at the time the bank's mortgage was executed, then the finding of the court is sustained, and the judgment can not be reversed notwithstanding the mortgage to the bank may have been given for value.

It is our opinion that there is some evidence to support such a finding. Fogleman testifies that he thinks he told Mr. Satterwhite, the president of the bank, of the existence of the appellee's mortgage at the time the mortgage was drawn up and given to him by Mr. Satterwhite to take home to be executed by himself and wife, and to be then mailed to the bank.

This, together with the other facts, while not preponderating in favor of such a finding, yet tends to support it, and will sustain such a finding when made by the court, as this court will not weigh the evidence.

The evidence further tends to show that the mortgage was given to the bank to secure a pre-existing debt, and that there was not even an extension of the time of payment on account

of and as a consideration for the mortgage. *Busenbarke* v. *Ramey*, 53 Ind. 499 ; *Wert* v. *Naylor*, 93 Ind. 431.

If the mortgage was executed simply as security for a pre-existing debt—that is as security for the payment of the bills of exchange, without any extension of the time of payment—the bank was not entitled to have its mortgage declared a prior lien to the mortgage of the appellee.

It was contended by the bank that the bills of exchange should be kept alive and times of payment extended, but the evidence tended to show that a consideration for such extension was payment of interest in advance, and not the execution of the mortgage.

Furthermore, in view of the ruling of the court, as between the bank and the appellee, the mortgage given to the bank was not in evidence, and hence the bank was not entitled, under the evidence in the case, to have its mortgage declared a prior lien, and foreclosed against the appellee, for as against the appellee such mortgage was not in evidence, it having been excluded by the ruling of the court when offered in evidence, and this ruling is not brought before this court for review.

There is no error in the record for which the judgment can be reversed.

Judgment affirmed, with costs.

Filed Oct. 8, 1891.