Filed Oct. 19, 1893.

---

No. 16,309.

MICHENER v. BENGEL ET AL.

VERDICT.—Sufficiency of Evidence to Sustain.—That the evidence is insufficient to sustain the verdict, see opinion.

MORTGAGE.—Mortgagee in Good Faith.—Valuable Consideration.—That a mortgagee is one in good faith and for a valuable consideration, see opinion.

JUDGMENT.—Reversal.—Who Affected by.—A reversal of a judgment only operates as to those appealing, and leaves the judgment undisturbed as to those not appealing.

SUPREME COURT PRACTICE.—Sufficiency of Evidence to Support Verdict. —Where there is evidence for and against the finding of a necessary fact, it is the duty of the appellate tribunal to determine whether there was a failure of evidence to support a material issue involved.

Opinion on petition for rehearing by HOWARD, J.

From the Tipton Circuit Court.

J. C. Blacklidge, W. E. Blacklidge, C. C. Shirley and B. C. Moon, for appellant.

W. R. Oglebay and G. W. Spahr, for appellees.

HOWARD, J.—William B. Eshleman, Orris P. Eshleman, and their sister, the appellee Vandelena E. Bengel, inherited from their parents, Jeremiah Eshleman and his wife Catharine, eighty acres of land in Tipton county, Indiana.

On August 15, 1885, the three children agreed upon

Michener *v*. Bengel *et al.*

a division of said land. William B. and Orris P. took a deed from Vandelena E. for fifty acres on the north side of the eighty acres, and Vandelena E. took a deed from them for the remaining thirty acres. The deed given by Vandelena E. was signed by her under the name of Elizabeth M. Bengel, and was also signed by her husband, the appellee George C. Bengel. The deed to Vandelena E. Bengel was delivered to her, but was never placed on record.

On August 29, 1885, William B. and Orris P. Eshleman executed and delivered to the appellee, George C. Bengel, a quitclaim deed for an undivided two-thirds of said thirty acres, and this latter deed was placed on record.

On June 14, 1887, George C. Bengel and his wife, Vandelena E. Bengel, mortgaged said thirty acres to the appellant, to secure the payment of three promissory notes, given to appellant by said George C. Bengel for certain machinery purchased of appellant by said Bengel.

After the maturity of the notes the appellant brought suit to collect the debt and foreclose the mortgage on two-thirds of said real estate.

To appellant's complaint the appellee Vandelena E. Bengel filed her answer in four paragraphs, and also filed her cross-complaint in three paragraphs, setting up that all the land so mortgaged was her own separate estate; that she was the wife of George C. Bengel; that the debt secured was the individual debt of her said husband; that she executed said mortgage solely to secure said debt, and praying that the title to the land be quieted in her.

In the third paragraph of said appellee's answer, she alleged that, on August 15, 1885, she and her said brothers met and agreed upon partition of the said eighty acres inherited from their parents; that for the purposes

of partition and to divide the land amongst themselves, and upon no other consideration, she, her husband uniting with her, conveyed fifty acres off the north side of said land to her said brothers, ''and on the same day at the same time and place, to carry out the partition agreed upon and as consideration for said deed,'' her said brothers conveyed to her the said remaining thirty acres; that afterwards, without her knowledge or consent, the said deed to her was torn up and destroyed, and on the 29th day of August, 1885, her said brothers conveyed to her husband the undivided two-thirds of said thirty acres, which last deed was placed upon record.

The cause was submitted to a jury, who rendered a general verdict for the appellant against the appellee George C. Bengel for the amount of the debt due appellant, and a general verdict for the appellee, Vandelena E. Bengel, on her cross-complaint, quieting her title to all of said thirty acres.

The only error assigned by appellant is the overruling of his motion for a new trial. The first reason given, in support of the motion for a new trial, is that the verdict is not sustained by sufficient evidence.

The appellee Vandelena E. Bengel testified that she did not know that the deed given to her in partition was destroyed, and a deed made to her husband in its stead, until after the execution of appellant's mortgage.

At the time that the appellee George C. Bengel made the contract with appellant to purchase the machinery, he represented to appellant that the thirty acres was his own property, and agreed to secure the debt by a mortgage on the land.

Appellant testified that he did not know at or before the time of the execution of the mortgage that the appellee Vandelena E. Bengel was the owner of any part of said land, until after examining the record of deeds,

when he discovered that George C. Bengel was the owner of only two-thirds of it, as shown by the deed received by him from William B. and Orris P. Eshleman.

Section 2931, R. S. 1881, provides that: "Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three years shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance or lease, not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration." The appellee Vandelena E. Bengel did not put her deed upon record within the time required by law, nor before the time of the making of said mortgage.

By section 5117 of the same statutes, while a married woman may take, acquire, and hold real or personal property, as if she were unmarried, yet it is provided, "That she shall be bound by an estoppel *in pais*, like any other person."

That appellant was a mortgagee in good faith and for a valuable consideration, we have no doubt; although this is denied by appellees, who contend that as the notes were given April 15, 1887, while the mortgage was executed June 14, thereafter, therefore the mortgage was one to secure a preëxisting debt.

Such a case was that of *Busenbarke, Exec.*, v. *Ramey*, 53 Ind. 499. But in this case, at the time of purchase of machinery by George C. Bengel from appellant, it was a part of the agreement that such mortgage should be given to secure the debt created by such purchase. The contract of purchase, notes, and mortgage were all parts of one transaction.

Appellant had no actual notice of the partition deed to appellee Vandelena E. Bengel; it remains to be consid-

ered whether he had constructive notice of the existence of such deed.

The only evidence before the jury from which such constructive notice could be drawn, was the partition deed from George C. Bengel and Elizabeth M. Bengel to William B. and Orris P. Eshleman, for one-third of fifty acres on the north side of the thirty acre tract in suit; and the deed from William B. and Orris P. Eshleman to George C. Bengel for two-thirds of said thirty acres. Both of these deeds trace title through Jeremiah Eshleman; the first conveying the interest of Elizabeth M. Bengel in said fifty acres, as heir of said Jeremiah Eshleman, and the second conveying the interests of William B. and Orris P. Eshleman in said thirty acres, also as heirs of said Jeremiah Eshleman. The mortgage on the thirty acres was made in the names of "George C. Bengel and V. E. Bengel, his wife."

Appellees contend that the deeds so in evidence were constructive notice to appellant of the existence of the partition deed to Vandelena E. Bengel.

The jury answered several interrogatories; the following bear upon this issue:

"Did the records of Tipton county show, at the time the real estate mortgage sued upon was executed, that George C. Bengel owned two-thirds of the mortgaged real estate?    Yes.          J. N. RICHARDS, Foreman.

"Did James B. Michener know at the time he accepted said mortgage that Vandelena E. Bengel owned, or claimed to own, said land?    We suppose he did.

"J. N. RICHARDS, Foreman.

"Did said George C. Bengel obtain the property for which the notes in suit were given by promising to secure and securing the notes given therefor by executing a mortgage on said land, as well as certain personal

property described in the chattel mortgage in suit? Yes.

"J. N. RICHARDS, Foreman.

"Did James B. Michener sell said property to him on the faith of his ownership of two-thirds of said land? We are not sure whether he did or not.

"J. N. RICHARDS, Foreman."

From the first and third of these answers it appears that the jury were of opinion that the records in the recorder's office showed the land to be owned by George C. Bengel, and that he obtained the goods by promising to execute, and by executing, a mortgage on the land.

From the second and fourth answers, it would seem that the jury were uncertain whether the evidence showed that the appellant had any knowledge of any title or claim to said land by Vandelena E. Bengel. The second and fourth answers might, perhaps, be reconciled with the general verdict, but the other two could not.

To say nothing of the circumstance that Vandelena E. Bengel appears under the name of Elizabeth M. Bengel in the only deed in evidence referring to her, and that she so appears as grantor to land different from the land in suit; it seems clear that there was not enough in either or both of these deeds to amount to notice to appellant that George C. Bengel was not the owner of the two-thirds of the thirty acres. Even if appellant should note the fact that both tracts of land were derived from the common ancestor, yet he might well believe that the conveyances were made as they stood recorded with the consent and acquiescence of all parties concerned. The Eshleman brothers, who made the deed to George C. Bengel, both testified that they so made the deed believing that it was in accordance with an arrangement between Bengel and his wife; and, notwithstanding the statements of appellees themselves, it would seem from

all the evidence that the deed was so made with the consent and knowledge of Vandelena E. Bengel. Certainly, from the records in the recorder's office, and from the representations made to him by George C. Bengel, who appeared by the record as the owner at the time the mortgage was taken, the appellant had every reason to believe that George C. Bengel was then the owner of the land. The appellant was therefore a mortgagee in good faith and for a valuable consideration.

Appellees, in contending against this view, claim that the evidence is not in the record. In this we think they are in error. While the clerk's certificate is somewhat informal as to showing the filing of the longhand manuscript of the evidence, as required by section 1410, R. S. 1881; yet we think the certificate is substantially sufficient, as held in *Wagoner* v. *Wilson*, 108 Ind. 210.

Having reached the conclusion that the verdict is not sustained by the evidence, it will be unnecessary to consider the other questions discussed by counsel.

The judgment is reversed, with instructions to grant a new trial, and for other proceedings not inconsistent with this opinion.

Filed June 15, 1893.

### On Petition for a Rehearing.

Howard, J.—In asking for a rehearing of this case, counsel for appellee say that the reversal of the judgment as to the appellant could not have the effect to reverse it as to any party or parties not appealing. We agree with counsel in this. James B. Michener is the sole appellant here, and the reversal as to him leaves the judgment undisturbed as to those not appealing. *Marsh* v. *Morris*, 133 Ind. 548.

While it is true, as counsel insist, that where there is evidence for and against the finding of a necessary fact, the finding as made below will not be disturbed,

yet it is our duty, in a proper case, to decide, as we have done in this case, whether there was a failure of evidence to support a material issue involved. *Butterfield* v. *Trittipo*, 67 Ind. 338; *Cleveland, etc., R. W. Co.* v. *Wynant*, 134 Ind. 681.

The petition for a rehearing is overruled.

Filed September 27, 1893.