Orb *et ux. v.* Coapstick.

Filed Jan. 30, 1894.

———◆———

No. 16,591.

## ORB ET UX. *v.* COAPSTICK.

136   313
146   330

136   313
148    96
148   557
149   143
o152 258

TRUST AND TRUSTEE.—*Trust Fund.*—*Wrongful Appropriation of.*—*Complaint, Sufficiency of.*—In an action by a *cestui que trust* for a wrongful appropriation of the trust fund, the complaint alleged, in substance, in the first paragraph, that the money constituting the fund was placed in the hands of the trustee for the purpose of investment upon good security, and for no other purpose; that in violation of such trust, and without the knowledge or consent of the *cestui que trust*, the trustee used the same in part payment of the purchase-price of real estate which he caused to be conveyed to his wife, who paid no part of the consideration therefor, and that the trustee is notoriously insolvent, so that no part can be collected from him, praying for a personal judgment against the trustee, and that the same be declared a lien on such land. The second, third and fourth paragraphs were the same as the first, except that the *second* alleged, in addition, that the trustee's wife, at the time she accepted the conveyance, had notice of the fact that the trustee was violating his trust in so investing the money; the *third*, in addition, that the trustee converted such trust to his own use by investing the same in land, therein described, and took the title thereto in the name of his wife; the *fourth*, in addition, that the trustee and his wife conspired together for the purpose of cheating and defrauding the plaintiff, and, in furtherance of such conspiracy, so invested the money.

*Held*, that each paragraph stated a cause of action, and was sufficient on demurrer.

PLEADING.—*Answer.*—*Pleaded in Bar of Whole.*—*Bar in Part Only.*— Where an answer is pleaded in bar to the whole of a complaint, and bars a part only, it is bad on demurrer.

From the Clinton Circuit Court.

*J. V. Kent* and *R. W. Irwin,* for appellants.

*P. W. Gard* and *J. C. Farber,* for appellee.

COFFEY, J.—The complaint in this case consists of four paragraphs.

It is alleged in the first paragraph, substantially, that in the month of January, 1888, the appellee was the owner of a bank check or draft calling for the sum of seven hundred dollars; that the appellant, Fernando C. Orb, who is the brother of the appellee and the husband of his co-appellant, Amanda Orb, learning that she had such draft or check, proposed to her that if she would place the same in his hands he would collect the same and loan the proceeds thereof to some responsible and solvent person, properly and safely secured, so as to bring her an income of eight per cent. per annum; that, relying on his promise and his relationship to her, she did place said draft or check in his hands for the sole purpose of enabling him to loan the proceeds thereof for her, according to his promise as above stated, and for no other purpose; that he collected the full amount of said draft or check, and in violation of his trust, without the knowledge or consent of the appellee, used the same in part payment of the purchase-price of real estate, which is described, and that he caused the title to said real estate to be conveyed to his wife, the said Amanda Orb; that the said Amanda paid no part of the consideration for said real estate, and that the said Fernando is notoriously insolvent, so that no part of said sum can be collected from him.

Prayer for a personal judgment against the appellant, Fernando C. Orb, and that such judgment be declared a lien on the land described in the complaint.

The second paragraph is the same as the first, except

it alleges that the appellee, Amanda Orb, at the time she accepted the conveyance to the land, had notice of the, fact that appellant was violating his trust in investing the money of the .appellee as part of the purchase-price of the land.

The third paragraph of the complaint is the same as the first, except that it alleges' the appellant, Fernando C. Orb, converted the money of the appellee to his own use, by investing the same in the land therein described and taking the title thereto in the name of his wife, Amanda Orb.

The fourth paragraph, in addition to the allegations contained in the first, alleges that the appellants conspired together for the purpose of cheating and defrauding the appellee, and, in furtherance of such conspiracy, invested the money in the land therein described, and took the conveyance thereto in the name of the wife, Amanda Orb.

To each paragraph of this complaint the court overruled a demurrer, and the appellants excepted.

The appellants each answer by way of general denial. The appellant Amanda Orb also filed an affirmative answer in which she averred, substantially, that the land described in the complaint was purchased for the agreed price of one thousand dollars; that the seven hundred dollars in dispute, belonging to the appellee, was paid to the vendor as part of the purchase-price, and that she executed her note for the sum of three hundred dollars for the balance; that the land was conveyed to her in part payment of a debt of one thousand dollars due her from her husband; that, at the time she accepted such conveyance, she had no notice whatever of the breach of trust alleged in the complaint.

To this answer the court sustained a demurrer.

The cause was tried by the court, resulting in a find-

ing in favor of the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of errors calls in question the correctness of the ruling of the circuit court in overruling a demurrer to each paragraph of the complaint, in sustaining a demurrer to the affirmative answer of the appellant Amanda Orb and in overruling the motion for a new trial.

We think that each paragraph of the complaint states a cause of action against both of the appellants in this case.

Where the property of a *cestui que trust* has been wrongfully converted into another species of property, if its identity can be traced, it will be held, in its new form, liable to the rights of the original owner. The rule is elementary that if any property, in its original form and state, is covered with a trust in favor of the principal, no change of that state and form can divest it of such trust, or give the agent or trustee converting it, or those who represent him in right, any more valid claim in respect to it than they respectively had before such change. The rule applies to all trust property in the hand of volunteers and persons taking it with notice of the character of the fund. 10 Am. and Eng. Encyc. of Law, 62; Lewin on Trusts, volume 2, star page 859; Besham's Principles of Equity, sections 83 and 319; Adams' Equity, 149; Story's Equity Jur., section 1258; *Bundy, Receiver,* v. *Town of Monticello,* 84 Ind. 119; *Boyer* v. *Libey,* 88 Ind. 235; *Riehl* v. *Evansville Foundry Ass'n,* 104 Ind. 70.

In this case, so far as shown by the complaint, the appellant Amanda Orb was a mere volunteer to the extent of seven hundred dollars, at least, of the value of the land conveyed to her. It is shown by the first paragraph that she is a volunteer as to the whole tract; in

the second, that she took the title with notice, and the third, that she is a volunteer to the extent the appellee's money represents the purchase-price, and in the fourth, that she had full notice of the trust and entered into a conspiracy with her husband to cheat and defraud the appellee out of the fund in question.

Under these facts, according to the authorities above cited, the court did not err in overruling the demurrer to each paragraph of the complaint.

The affirmative answer of the appellant Amanda Orb is addressed to the whole complaint. It proceeds upon the theory that she is an innocent purchaser for value, of the land in which the trust funds were invested, without notice of the trust. If it appears therefrom that she is an innocent purchaser for value, without notice, the answer is good, otherwise it is bad.

In determining the sufficiency of this answer, it therefore becomes necessary to inquire whether she shows herself, by the allegations of her answer, to be such purchaser. While it is true that a precedent debt is a sufficient consideration to support a contract, it is also true that taking a conveyance in consideration of an antecedent debt does not constitute a person who parts with nothing, or in no way changes his attitude, an innocent purchaser as against one who has a clear and undoubted superior or prior equitable right to the land. *Boling* v. *Howell,* 93 Ind. 329; *Petry* v. *Ambrosher,* 100 Ind. 510; *Shirk* v. *Thomas,* 121 Ind. 147; *Tarkington* v. *Purvis,* 128 Ind. 182.

That the appellee has an equity in the land in dispute in this case, to the amount of seven hundred dollars, superior to any claim held by Mrs. Orb, we think there can be no doubt. The answer in question is vague and uncertain, both as to the nature of the claim held by Mrs.

Orb against her husband and as to the note which she alleges she executed.

We have no means of knowing when the note will mature, whether secured by mortgage on the land or whether it was accepted without security. Indeed, we do not know whether it has been paid or is still outstanding. We have not stopped to inquire whether the appellant, under a proper pleading, should have been protected against liability as against this note, for the reason that no such pleading was filed.

We are quite clear that this is not a sufficient answer to bar the whole complaint, and for this reason the court did not err in sustaining a demurrer to it. An answer which is pleaded in bar of the whole complaint, and bars a part only, is bad on demurrer. Where, notwithstanding the facts stated in the answer, the complaint entitles the plaintiff to some relief, the answer is insufficient on demurrer. *Axtel* v. *Chase*, 83 Ind. 546; *Moffitt* v. *Roche*, 76 Ind. 75; *Johnson School Tp.* v. *Citizens' Bank*, 81 Ind. 515; *Farman* v. *Chamberlain*, 74 Ind. 82; *Falmouth, etc., Turnpike Co.* v. *Shawhan*, 107 Ind. 47.

The evidence in the cause tends to support the finding of the court as against both the appellants.

We find no error in the record, for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Jan. 31, 1894.