Adams *et al. v.* Vanderbeck *et al.*

---

ADAMS ET AL. *v.* VANDERBECK ET AL.

[No. 17,740, Filed Dec. 23, 1896. Rehearing denied May 25, 1897.]

INSTRUCTIONS.—*Practice.—Statute Construed.*—Section 662, Burns' R. S. 1894 (650, R. S. 1881), dispensing with the necessity of bringing up the evidence on appeal upon the question of the correctness of instructions, makes no change in the practice as to instructions given, as the court, in the absence of the evidence, presumes that the instructions were applicable. *p. 94.*

SAME.—*Mortgage Given to Secure a Precedent Debt.*—An instruction in an action to quiet title to real estate that a mortgage taken to secure a precedent debt does not constitute the holder thereof a *bona fide* purchaser, states the law correctly. *pp. 94, 95.*

DEEDS.—*Consideration.—Pre-existing Debt.*—A conveyance of land by a debtor, in payment and satisfaction of a precedent debt, makes the grantee a *bona fide* purchaser of the land as against prior equities acquired from the grantor, of which the grantee had no notice. *pp. 95, 96.*

VENDOR AND PURCHASER.— *Consideration.— Pre-existing Debt.*— Where land is conveyed by the owner to another in payment and satisfaction of a debt due from the grantor to the grantee, who is ignorant of an equity in the land in favor of a third person, the enforcement of such equity against the land will not revive the indebtedness for the payment and satisfaction of which the land

was conveyed, and the grantee is as much a *bona fide* purchaser for value as if he had paid cash.  *p. 99.*

APPEAL AND ERROR.—*Instructions.*—*Presumptions.*—The presumption that the instructions given were applicable to the evidence will prevail on appeal where there is a direct statement in the bill of exceptions that the instructions were applicable to the evidence, notwithstanding certain testimony set out in the bill tended to contradict such statement, as such testimony only nullified the certificate, and, both being eliminated, the usual presumption that the instructions given were applicable to the evidence would prevail. *pp. 99–101.*

From the Henry Circuit Court.  *Reversed.*

*Clay C. Hunt* and *M. E. Forkner,* for appellants.

*Brown & Brown* and *D. W. Chambers,* for appellees.

McCABE, J.—The appellees sued the appellants to quiet title in and to certain real estate particularly described, situate in Henry county, which appellees claim to own.  The issues made by the defendants' answer of a general denial as to a part of the land, and a disclaimer as to the rest, were tried by a jury resulting in a verdict and judgment in favor of the plaintiffs, the appellees, over defendants' motion for a new trial and *venire de novo.*

The action of the circuit court in overruling the motion for a new trial, and for a *venire de novo* is called in question by the assignment of errors.

Among the reasons assigned therefor in the motion for a new trial, and now urged as cause for reversal, are that the court erred in the giving to the jury certain instructions, and refusing and modifying an instruction.  There is in the transcript what purports to be a bill of exceptions purporting to incorporate the evidence into the same, but it is conceded even by the appellants, that it was not filed in time, and forms no part of the record.

There is another bill of exceptions, numbered one, embracing the instructions about which complaint is made. In this bill it is recited that the instructions were applicable to the evidence in accordance with the statute dispensing with the necessity of bringing up the evidence on appeal prosecuted upon the question of the correctness of instructions. Section 662, Burns' R. S. 1894 (650, R. S. 1881). This statute makes no change in the practice as to instructions given, but does as to those refused, because as to those given, this court, without the aid of the statute, presumes that instructions were applicable in the absence of the evidence. *Drinkout* v. *Eagle Machine Works,* 90 Ind. 423; *Rozell* v. *City of Anderson,* 91 Ind. 591; *Shugart* v. *Miles,* 125 Ind. 445; *Kinney* v. *Dodge,* 101 Ind. 573.

Therefore we must presume that the instructions given were applicable to the evidence.

So much of the instructions as are complained of read as follows: "But if Reed took a conveyance of the land in controversy before Hume's deed was made in discharge of or as security for a precedent debt, Reed would not be an innocent purchaser and could acquire no title as against Hume, although his deed would precede the deed to Hume;" and again, "but if Reed acquired his title in payment of a precedent debt he would not be a purchaser in good faith, and could not hold as against Hume's title; and if there was a misdescription of the land in the mortgage, and if said misdescription was perpetuated in the deed to Hume from Reeder, and in the deed from Hume to Vanderbecks, the plaintiffs, and if at a subsequent period Hume and Reeder and Reeder's wife joined in a deed made by them to Vanderbecks for the purpose of correcting said misdescription, said misdescription would not affect the plaintiffs' title, unless in the meantime an innocent purchaser had acquired a title to said

land, pending said misdescription; and a deed made to Reed or any third party in payment of, or as security for a precedent debt, would not give them a standing as an innocent purchaser. In such case if you believe from the evidence that the deed from Thomas B. Reeder to Reed was in payment of or as security for the payment of a precedent debt, you should find for the plaintiff."

So far as these instructions relate to the mortgage, or security, taken to secure a precedent debt, not being sufficient to constitute the taker thereof a *bona fide* purchaser, they are undoubtedly correct, which appellants' counsel do not question. *Busenbarke* v. *Ramey,* 53 Ind. 499; *Gilchrist* v. *Gough,* 63 Ind. 576; *Davis* v. *Newcomb,* 72 Ind. 413; *Hewitt* v. *Powers,* 84 Ind. 295; *Louthain* v. *Miller,* 85 Ind. 161; *Wert* v. *Naylor,* 98 Ind. 431.

But, as applicable to a conveyance in payment of a precedent debt, they present a different question. We are bound to presume that there was evidence to which each one of the features of the instructions mentioned was applicable.

The question presented in *Wert* v. *Naylor, supra,* is there thus stated: "Will a conveyance of land by a debtor to a creditor, in payment and satisfaction of a precedent debt, make the creditor a *bona fide* purchaser of the land, as against prior equities of which he had no notice? * * * In the case at bar the conveyance was not a mere security. It was an absolute conveyance, and it is alleged in the third paragraph of the answer, and in the finding of the court, that such conveyance was taken in full payment and satisfaction of one thousand dollars of the precedent debt, and without notice of the plaintiff's claim. * * * A man who merely takes security for a debt gives up nothing, but if he satisfies the debt itself, he does give

something, and he gives more than he who merely extends the time for payment of the precedent debt, which has often been held sufficient.   *   *   *   Pomeroy in his Eq. Jur., vol. 2, p. 208, says that the weight of authority is in favor of the doctrine that the extinguishment or surrender of a precedent debt, in consideration of the conveyance of land, makes the grantee a *bona fide* purchaser even against prior equities."

To the same effect are numerous cases cited in the opinion from which we have quoted. *Petry* v. *Ambrosher*, 100 Ind. 510; *Tarkington* v. *Pervis*, 128 Ind. 182; *Orb* v. *Coapstick*, 136 Ind. 313, are not in point and not in conflict with the case above cited.

We may presume that there was evidence of a conveyance of land in payment and satisfaction of a pre-existing debt owing by the grantor to the grantee, and by agreement of the parties the debt was satisfied and extinguished by the conveyance, and that the grantee had no notice of any prior equity in the land.

The instructions tell the jury that such a purchaser would not be a *bona fide* purchaser.

It is true, according to the authorities cited, the grantee in such case must have taken the conveyance without any notice of the prior equity.   But the instructions tell the jury that, if the conveyance was made in satisfaction and payment of a precedent debt, the grantee would not be a *bona fide* purchaser.   Under such instruction, the jury would be bound to find that the grantee was not a *bona fide* purchaser, even though the evidence showed that he had no notice of the prior equity.   That is not the law.

It is true, if this feature of the instructions would be correct under any supposable state of the evidence, then we are by the established law of this State required to presume that such state of evidence existed in the absence of the evidence in the record.   But we

are also required, as before remarked, to presume that there was evidence from which the jury might have found that the conveyance mentioned in said instructions was made in payment and satisfaction of a pre-existing debt due from the grantor to the grantee, because, if there was no such evidence that feature of the instructions was not applicable to the evidence. Hence, we must hold that feature of the instructions erroneous, and that the circuit court erred in overruling the motion for a new trial.

The judgment is reversed, with instructions to grant defendants' motion for a new trial.

## ON PETITION FOR REHEARING.

McCABE, J.—The first point made for a rehearing is that we erred in the original opinion in following and adhering to the doctrine laid down in *Wert* v. *Naylor*, 93 Ind. 431.

That case concedes that he who takes a mortgage or conveyance as a security for the payment of a precedent debt is not a *bona fide* purchaser for value, as against the holder of a secret equity in the land, because he parts with nothing. But it holds that where he takes a conveyance of such land in payment and satisfaction of a precedent debt, that he is a *bona fide* purchaser for value, and entitled to hold such land, as against the holder of the equity of which such purchaser has no notice or knowledge.

While counsel for appellees do not deny that the rule thus laid down in that case is in harmony with the weight of authority elsewhere, yet they contend that such rule is in conflict with other decisions by this court, and is unsound and unjust, and opens the door to great fraud, and impliedly insist that it ought to be

overruled. We have already seen in the original opinion that the case is not in conflict with our other cases.

The fraud to which they claim that the doctrine there laid down opens the door is that the holder of an equity in the land may be deprived of the entire value or purchase price paid for the land, where he has not taken a deed by one who, ignorant of such equity, and who takes the land in payment and satisfaction of an antecedent debt; that is to say, the one who has thus taken a deed, by one who ignorant of such equity, and changed his position, because he has parted with no value, as they contend, and hence not a *bona fide* purchaser. And it is insisted, in effect, that if the holder of the equity is allowed to enforce his equity and hold the land, the purchaser in consideration of the antecedent debt, has lost nothing, because he may then enforce his debt, though he may have surrendered and cancelled the evidences thereof, for the reason that the consideration which he was to receive therefor has failed. But that is a mistake. He may have taken a quitclaim deed, and in any event he receives a conveyance of the legal title to the land. This cannot be said to be of no value whatever. If by warranty deed, he has the warranty of title of his grantor.

It is said in *Hardesty* v. *Smith,* 3 Ind. 39, that: "When a party gets all the consideration he honestly contracted for, he cannot say he gets no consideraion, or that it has failed. If this doctrine be not correct, then it is not true that parties are at liberty to make their own contracts." This language was quoted by Elliott, J., speaking for this court in *Wolford* v. *Bowers, Admx.,* 85 Ind. at page 296, where it is further said that: "The same principle is declared and enforced in many of our own cases. *Kernodle* v. *Hunt,* 4 Blackf. 57; *Harvey* v. *Dakin,* 12 Ind. 481; *Baker* v. *Roberts,* 14 Ind. 552; *Taylor* v. *Huff,* 7 Ind. 680;

*Louden* v.. *Birt*, 4 Ind. 566; *Smock* v. *Pierson*, 68
Ind. 405, 34 Am. Rep. 269; *Neidefer* v. *Chastain*, 71
Ind. 363, 36 Am. Rep. 198; *Williamson* v. *Hitner*,
78 Ind. 233." And we add *Laboyteaux* v. *Swigart*,
103 Ind. 596; *Price* v. *Jones*, 105 Ind. 543; *Keller* v.
*Orr*, 106 Ind. 406.

When, therefore,. land is conveyed by the owner to
another in payment and satisfaction of a debt due
from the owner to that other who is ignorant of an
equity in the land in favor of a third person, the en-
forcement of that equity against the land does not re-
vive the indebtedness for the payment and satisfaction
of which the land was conveyed. Therefore, a pur-
chaser of land in consideration of the payment and
satisfaction of a debt due the grantee is as much a
*bona fide* purchaser for value, as if he had paid cash.
And if he is not to be protected as such, the rule which
appellees' learned counsel invokes and asks us to adopt
opens a wider door for wrong and fraud than the rule
laid down by this court in *Wert* v. *Naylor, supra*, which
he asks us to overrule. We think we ought to adhere
to the rule laid down in that case.

The only other point made for a rehearing is that
we erred in holding that "we are bound to presume
that there was evidence to which each one of the
features of the instructions mentioned was applica-
ble." Counsel for appellees contend that the bill of ex-
ceptions affirmatively shows that there was no evi-
dence to which the erroneous instructions were appli-
cable, and hence that it was harmless. It, however,
rarely happens that instructions that are wholly in-
applicable to the case made by the evidence are harm-
less. In *Blough* v. *Parry*, 144 Ind. 463, and the numer-
ous cases there cited, such instructions were held
harmful.

This appeal being prosecuted on the correctness of

the instructions given and refused, under section 662, Burns' R. S. 1894 (650, R. S. 1881), the trial court certified that the instructions given and refused were applicable to the evidence without setting out all the evidence in the record.

The instructions on which we reversed, were instructions given, and not those refused. We there held, as had been previously held, that the section of the statute cited made no change in the practice as to instructions given, as the presumption always must be, in the absence of the evidence, that instructions given were applicable to the evidence. But, in addition to that presumption, the trial court has certified in the bill of exceptions incorporating the instructions, "that the instructions given by the court, as above stated, * * were each and all applicable to the evidence in said cause."

Appellees' counsel, however, insist that the presumption and certificate of the trial judge that the instructions were applicable to the evidence are overcome by the following evidence and recital contained in the same bill of exceptions not purporting to contain all the evidence, to-wit: "Mr. Reeder testified * as follows: '* * * you may state what the fact is as to whether Jesse M. Reed purchased those lands of you, or whether it was by reason of liabilities that he had assumed for you? Answer. It was on account of Mr. Reed having indorsed for me and I wanted to make him safe. He was related to my wife. He was a cousin to my wife, and I deeded him the land with the understanding that at some time, if ever I got able to, that I should pay him for all that he had paid for me, and redeem the land.' And this was all the evidence on the subject of the consideration for the land deeded from Reeder to Reed." This is not sufficient to overcome the direct statement in the bill of exceptions that

Pittsburgh, Cincinnati, Chicago and St. Louis R. W. Co. v. Noftsger.

the instructions were applicable to the evidence; at all events, one statement is as strong as the other. That is as favorable to the appellees as they have a right to ask. Even if we construe the last statement quoted as directly conflicting with the first, which is as favorable to appellees, if not more so, than they have a right to ask, then we have both statements completely nullified. That being so, the presumption that the instructions given were applicable to the evidence must prevail. But, as before observed, it does not relieve the appellees from the consequences of the erroneous instructions by showing, even if we concede that to be the case, that they were not applicable to the evidence.

We see no way of escaping the consequences of giving the erroneous instructions.

Petition overruled.