## HEURING v. STIEFEL ET AL.

[No. 12,310.   Filed June 30, 1926.]

1. MORTGAGES.—*Unrecorded mortgage, for a valuable consideration, without notice of vendor's lien on the land, was superior to such lien.*—An unrecorded mortgage, acquired by the mortgagee for a valuable consideration, without notice of a vendor's lien on the mortgaged land, was superior to such lien, as it could be only an equitable lien enforcible against persons having notice thereof. p. 107.

2. MORTGAGES.—*Precedent debt is sufficient consideration for mortgage securing its payment, but not sufficient to cut off prior equities in same land.*—Although a precedent debt is a suffi-

cient consideration for a mortgage to secure its payment, it would not be sufficient to constitute the mortgagee a *bona fide* purchaser for value so as to cut off prior secret equities of one holding an unrecorded mortgage on the same land.   p. 108.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by George W. Heuring against Willis G. Stiefel and others, in which Minerva L. Shull became a party and filed a cross-complaint to foreclose a vendor's lien and the First National Bank of Ft. Branch filed a cross-complaint to foreclose a mortgage.   From a decree awarding the last-named parties priority in their liens, the plaintiff appeals. *Reversed.*   By the court in banc.

*Henry Kister, Lucius C. Embree* and *Morton C. Embree,* for appellant.

*Charles O. Baltzell, Ernest R. Baltzell* and *Marsh T. Lewis,* for appellees.

THOMPSON, J.—Complaint by appellant against all appellees except Minerva L. Shull, to recover judgment against appellees Willis J. Stiefel, Ott Hollis and Opel DePriest upon a note for $8,500, on which appellant was surety and which was then past due; to foreclose a mortgage given to appellant to secure him as surety on said note and on another note for $5,000, not then due, but which became due pending the foreclosure, after which a supplemental complaint was filed on that note; to appoint a receiver for the Gibson Live Stock Company, a partnership, to set aside as fraudulent a deed from Willis G. Stiefel to appellee Cordelia Stiefel and a deed from Willis G. Stiefel to George Stiefel, and to have the lien of appellant's mortgage declared prior to a mortgage held by appellee First National Bank of Fort Branch.   Minerva L. Shull became a party on her

petition and asserted a vendor's lien upon the same real estate. The bank filed a cross-complaint on its mortgage.

Since the only questions presented relate to the overruling of appellant's motion for a new trial and the correctness of the conclusions of law, it will not be necessary to set out the pleadings.

The court found the facts specially to be, in substance, as follows: In May, 1918, Willis G. Stiefel, Ott Hollis, Opel DePriest and William P. Blythe, as partners doing business under the name of Gibson Live Stock Company, purchased the land in controversy from appellee Shull and others for $10,711, $5,061 being paid in cash, and a negotiable note being given for $5,650, due June 3, 1920. This note was signed by the several partners. This deed contained a recital that the purchase price had been paid in full. Six hundred and fifty dollars was paid on this note. The partners, later, borrowed $1,000 of Mrs. Shull, giving her their note therefor. In February, 1921, the amount due on these two notes was combined and a new note for $6,000 was given Mrs. Shull. Shortly after purchasing the real estate, Blythe ceased to be a member of the stock company, having sold his interest to the other three members, and the note last mentioned was not signed by him. On December 12, 1920, the stock company borrowed $5,000 from a certain bank, giving its note, due in sixty days, with appellant as surety. The next day, it borrowed $8,500 from the same bank, giving a like note due in ninety days, with appellant as surety. These notes were both renewed when due, and the renewal notes were held by the bank when appellant filed his complaint. Both of these notes have since that time been assigned to appellant under date of December 25, 1920. The then members of the partnership, with their consorts, gave appellant a mortgage on the real estate

in question, to indemnify him from loss on account of having signed said two notes and the renewals thereof. This mortgage was not acknowledged by the mortgagors and was never recorded. When the $6,000 note was given to Mrs. Shull, she had no knowledge of the existence of the mortgage to appellant, and at the time of the purchase of the land, there was an agreement between the grantors and the live stock company that the land should stand for the unpaid purchase money. The total amount due Mrs. Shull on account of the purchase money, including attorneys' fees, is $5,888.31. The amount due appellant on account of the two notes signed by him as surety is $15,161. Hollis withdrew from the partnership in May, 1921, since which time Willis G. Stiefel and Opel DePriest have constituted the members of the partnership.

Appellee bank purchased several notes from the stock company, the first of which is dated January 8, 1921, and the last August 13, 1921, and on May 8, 1921, said bank loaned the stock company $2,500, said loan being evidenced by a note due in ninety days and which, not being paid when due, was renewed on August 6, 1921, for a period of sixty days. On July 23, 1921, the then members of the partnership gave the bank a mortgage on the real estate in question to secure the notes so purchased and the money so loaned by it to the stock company. This mortgage was acknowledged and recorded on July 25, 1921, and provided that it should secure any and all notes given in renewal of the notes mentioned. When the bank took the mortgage, it had no notice or knowledge that the purchase price for the land had not been paid, or that Mrs. Shull claimed to have a vendor's lien on or any interest in the land. Neither did it have any notice or knowledge of the existence of the mortgage given to appellant. At the time when the mortgage was given to appellant, Willis G. Stiefel, who

signed the same, was president of appellee bank, and continued as such until July 21, 1921, when he resigned, he having, on July 12, 1921, pledged his stock as security to another person who retained possession of such stock until some time after July 26, 1921. Stiefel, while acting as president of the bank, did not have active control of the business of the bank, and did not convey to the officers in charge thereof the fact of the execution of the mortgage to appellant. The cashier of the bank was in control of the management of the bank, but had no knowledge of appellant's mortgage. Stiefel was adjudged a bankrupt in December, 1921, and later discharged as to his liability on the claims here involved. The total amount due appellee bank is $6,077.59.

On these facts, the court concluded, as a matter of law, that appellant should recover against the stock company, Ott Hollis and Opel DePriest, $15,161.75; that he was entitled to a foreclosure of his mortgage, but that the lien of his mortgage was junior and inferior to the mortgage of the bank and to the vendor's lien of Mrs. Shull; that the bank was entitled to a judgment for the amount due it and to a foreclosure of its mortgage as to all the parties including appellant and Mrs. Shull; that Mrs. Shull was entitled to a foreclosure of a vendor's lien as to all except the bank, and that her lien is superior to that of appellant but inferior to that of the bank. The court rendered judgment accordingly.

Appellant filed a motion for a new trial, which was overruled, and appellant excepted. The errors relied on for reversal are: (1) The overruling of the motion for a new trial; and (2) that the court erred in each of the eight conclusions of law.

Appellant contends that, under the undisputed evidence, the lien of his mortgage was prior to the mortgage held by appellee First National Bank of Fort

Branch, and also to the vendor's lien of Minerva L. Shull, and that the finding of facts is not sustained by sufficient evidence.

The undisputed evidence shows that appellant's mortgage was executed December 25, 1920, to secure him as surety on two promissory notes which had been executed on December 12 and 13, 1920, and that the parties, at the time said notes were signed by appellant, agreed that he should be secured by mortgage on the real estate described in the mortgage. The evidence also, without dispute, shows that when this agreement was made, and when the mortgage to appellant was executed, he had no notice or knowledge that Mrs. Shull had, or claimed to have, a vendor's lien on the property. Such fact shows that appellant was a mortgagee without notice of the lien of Mrs. Shull and for a valuable consideration.

The lien of appellant's mortgage is superior to the vendor's lien of Mrs. Shull, although unacknowledged and not recorded (*Michener* v. *Bengell* [1893],

1. 135 Ind. 188), and is valid as against every person except a subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration. §3962 Burns 1914; *State Bank* v. *Backus* (1903), 160 Ind. 682; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1. In view of the undisputed evidence, we hold the finding of the court is not sustained by sufficient evidence and is not according to law because of the failure of the court to find the facts as disclosed by such evidence. The vendor's lien as found by the court was for a balance of the purchase price of the sale of the same land described in appellant's mortgage, which sale was made on June 3, 1918, and the conveyance was by warranty deed, in which deed payment of the entire purchase price was acknowledged. This lien, at most, could only be an equitable one, and under the law could not prevail

as against the legal lien of appellant without notice to him of its existence. *Hawes, Admr.*, v. *Chaille* (1891), 129 Ind. 435; 3 Pomeroy, Eq. Jur. §1253; *Messmore* v. *Stephens* (1882), 83 Ind. 524.

As to the mortgage lien of appellee First National Bank of Fort Branch, dated July 23, 1921, the court found that it was given by the Gibson Live Stock Company to secure the payment of certain notes of various dates, sold and transferred by the stock company to the bank May 8, 1921; that all of said notes were owned and held by said bank for some time prior to the date of the execution of said mortgage. The testimony of the witnesses who testified regarding the execution of the mortgage was that there was no note executed or transferred at that time, and no extension of time or any money paid or anything of value received, but that said mortgage was given to secure the various notes described in the mortgage and which the bank had held and owned for some time prior thereto.

In *Wert* v. *Naylor* (1884), 93 Ind. 431, the court said: "As to mortgages of land taken to secure a precedent debt it is well settled in Indiana, that, although a precedent debt is a valuable consideration for a mortgage given to secure it, yet it will not make the mortgagee a *bona fide* purchaser, as against prior equities of which he had no notice. That such a mortgage is founded upon a valuable consideration was decided in *Work* v. *Brayton*, 5 Ind. 396; *Wright* v. *Bundy*, 11 Ind. 398, and *Babcock* v. *Jordan*, 24 Ind. 14, and upon this point these cases have been repeatedly followed; but so far as these cases asserted that the holder of such a security was entitled to protection against secret equities, they have been virtually overruled by *Busenbark* v. *Ramey*, 53 Ind. 499; *Gilchrist* v. *Gough*, 63 Ind. 576; *Davis* v. *Newcomb*, 72 Ind. 413; *Hewit* v. *Powers*, 84 Ind. 295;

*Louthain* v. *Miller*, 85 Ind. 161; *Boling* v. *Howell, ante*, 329. The doctrine of these later cases is that an antecedent debt is a valuable consideration and will support a mortgage, but is not such a consideration as will make the mortgagee a *bona fide* purchaser, so as to cut off prior secret equities. This doctrine is supported by abundant authority elsewhere."

It follows, under the undisputed evidence now before us, that the lien of appellant's mortgage was superior to the mortgage held by appellee bank, and that the vendor's lien held by appellee Shull was subject to the lien of the mortgages held by appellant and by said bank.

This case might well be reversed with directions to the trial court to restate its conclusions of law in harmony with this opinion, but we have concluded that in justice to all the parties the cause should be reversed with directions to sustain the motion for a new trial. Therefore, the cause is reversed, with directions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.